TODD MICHAEL SCHULTZ
818 N DOHENY DR. #1108
WEST HOLLYWOOD, CA 90069
310-435-5847
TODDSCHULTZ86@GMAIL.COM

In Pro Per

MOTION FOR LEAVE TO AMEND COMPLAINT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

NAME OF PLAINTIFF,             Case No: 2:23-cv-03452-JAK-MRW

    TODD MICHAEL SCHULTZ    COMPLAINT FOR DAMAGES

  vs.

NAME OF DEFENDANT(s),

  MICHAEL C. THOMPSON

  GREGORY R. HOLMES

  YOUTUBE LLC

    PLEASE TAKE NOTICE, that Todd Michael Schultz, myself, acting in a Pro Se capacity, on June 8th 2023 at 5:00 pm, move 'this court for an ORDER granting leave to file a THIRD AMENDED COMPLAINT to include exhibits and some language to the currently filed SECOND AMENDED COMPLAINT that may affect the forthcoming ORDER from Judge Kronstadt and may heavily influence the outcome most desirable to Mr. Schultz, which includes the ability to avoid severance of the parties, namely, YouTube LLC (going forward "YouTube").

    Mr. Schultz has requested that the court allow him to file against YouTube

**MOTION FOR LEAVE TO AMEND COMPLAINT**

In the Central District of California, where he is located. Mr. Schultz believes that these additional exhibits have a decent likelihood of producing a result favorable to Mr. Schultz in regards to the aforementioned issue of jurisdiction, as he presumes that a higher preponderance of evidence is more likely to weigh the issue in his favor. YouTube routinely has cases thrown out due to improper venue. Many of these venues are far outside the state of California, which may prove more of a burden for a court to provide such relief. However, Mr. Schultz believes firmly that YouTube is at no disadvantage should the court allow for the requested venue. That said, Mr. Schultz respects court precedent and case law enough to know he must provide the most durable argument possible in order to expect such relief. Therefore, Mr. Schultz requests that the court allow Mr. Schultz to provide additional context and content (i.e. exhibits) which fortify the case for gross negligence on behalf of the defendant YouTube. Mr. Schultz believes that gross negligence, as opposed to a lesser, negligence, provide standing for Mr. Schultz to pursue YouTube LLC for Conspiracy to commit Cyberstalking, and Cyberstalking, as well as fraud, resulting out of

a willful non upholding of their own terms of service. Further, YouTube, a subsidiary of Google LLC, which has offices in Los Angeles, is at no disadvantage in either jurisdiction, whereas Mr. Schultz would be at a substantial disadvantage should he be required to pursue the parties in separate jurisdictions. Further, Mr. Schultz in good faith believes the evidence compiled and provided in the pages below. Acting as a Pro Se litigant, Mr. Schultz asks forgiveness and leeway to have the attached exhibits, which demonstrate a pattern of conduct suggesting gross negligence where cyberstalking and potential conspiracy to commit cyberstalking may be logical conclusions in the case of said negligence.

It is fair to say that willful negligence is akin to fraud and as a Pro Se litigant with minimal experience in drafting motions and complaints, as well as

**MOTION FOR LEAVE TO AMEND COMPLAINT**

contending with the emotional burden in reliving the torment he has experienced since February 28, 2021, Mr. Schultz deserves leeway where the decision for change of venue or jurisdiction, a minimal change at that, from Northern District of California to Central District of California, where the case is currently being held, and where Mr. Schultz lives within fair proximity.

Additionally, Mr. Schultz contends that this pattern of conduct is important enough that he file a motion to amend. If it is possible to forgo a THIRD AMENDED COMPLAINT, Mr. Schultz would be content with the court electing to allow for the following statement and attached exhibits to the current SECOND AMENDED COMPLAINT.

**Statements Mr. Schultz would like to add to currently filed SECOND AMENDED COMPLAINT:**

There is a preponderance of evidence that YouTube acted negligently. So much so, that it is reasonable for one to consider that they may be complicit with the conduct, or attempting to maintain an untenable, for the public good, business model or software apparatus. Mr. Schultz intends to use discovery in this case to determine whether or not the pattern of behavior as suggested in exhibits (AA-1, AA-2, AA-3, AA-4, AA-5, AA-6, AA-7, AA-8, AA-9, AA-10, AA-11, AA-12, AA-13, AA-14, AA-15, AA-16 and AA-17) is not indicative of intent on YouTube's behalf. Mr. Schultz believes there is a high probability that YouTube was complicit, and therefore, guilty themselves of conspiring to commit Cyberstalking, as well as guilty of Cyberstalking, due to their substantial and material role in what has amounted to a preponderance of Cyberstalking. It is in the public interest that this be promptly assessed, and as the Plaintiff, Mr. Schultz suggests in good faith it, upon a duly diligent discovery process, that he would be able to fairly reason and assert such a claim. Regardless, Mr. Schultz is certain that YouTube has at the very least acted with gross

negligence. While it has been suggested that gross negligence is not a legal term per se, Mr. Schultz contends that it is a very powerful and accessible colloquialism in the American lexicon, and asks that the court allow the term to be used going forward. Mr. Schultz also pleads with the court to maintain the spirit of the justice system in issuing forthcoming ORDER. This suit is done in good faith, and much thought and effort on Mr. Schultz's behalf. Further, Mr. Schultz urges the court to recognize that justice on his behalf is justice for all Americans and while Mr. Schultz does not intend to bring a class action suit, it is because Mr. Schultz is aware that he is a more powerful force when speaking on his own behalf, while drawing from the experiences of the many Americans across the country currently or previously experiencing this grotesque and dehumanizing violation of Cyberstalking. It is in everyone's best interest, in Mr. Schultz's opinion that the court allow for this motion to go forth expediently and that discovery begin between Todd Michael Schultz and the defendants, Michael C. Thopmson, Gregory Holmes and YouTube as quickly as possible.

I add one more anecdote from the Centers for Disease Control and Prevention: The incidences of both cyberbullying and adolescent suicide are rising in the United States, data showing that 14.9 percent of adolescents have been cyberbullied and 13.6 percent of adolescents have made a serious suicide attempt. I cannot in good faith omit any exhibit or fact that might address as well as redress this issue. Based on Mr. Schultz's understanding, the courts are meant to uphold the basic premise of America: "We hold these truths to be self-evident that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness.

**MOTION FOR LEAVE TO AMEND COMPLAINT**

Dated this 8th of June, 2023

Todd Michael Schultz