**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TODD MICHAEL SCHULTZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL C. THOMPSON, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-03452-JAK (MRWx)<br><br>**ORDER RE MOTION FOR LEAVE TO AMEND COMPLAINT (DKT. 15)** |

1

Based on a review of the Motion for Leave to Amend Complaint (the "Motion" (Dkt. 15)), sufficient good cause has been shown for the requested relief. Therefore, the Motion is **GRANTED**, as follows:

In general, after the time to amend as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* This "policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation and citation omitted). "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Exp.*, Inc., 885 F.2d 531, 538 (9th Cir. 1989). Leave to amend ought to be granted unless at least "one of these factors is present." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973). "Not all of the factors merit equal weight . . . [and] it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, no Defendant has been properly served with any pleading, so no Defendant would be prejudiced by allowing leave to amend. For the same reasons, it does not appear that Plaintiff's request for leave to amend is made due to a dilatory motive or another form of bad faith. Nor does it appear that the amendment is futile; provided, however, this is not a determination that any pleading adequately states a claim upon

which relief can be granted. Plaintiff is advised that all future amended pleadings require "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED.**

Dated: June 12, 2023

_____
John A. Kronstadt
United States District Judge