LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
TOM LALLAS (SBN 66512)
MARK D. HURWITZ (SBN 151159)
815 Moraga Drive
Los Angeles, California 90049-1633
Telephone: (310) 471-3000
Facsimile: (310) 471-7990
Email: tlallas@lsl-la.com
       mhurwitz@lsl-la.com

Attorneys for Defendants
MICHAEL C. THOMPSON and
GREGORY R. HOLMES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| TODD MICHAEL SCHULTZ<br><br>Plaintiff<br><br>v.<br><br>MICHAEL C. THOMPSON, GREGORY R. HOLMES, and YOUTUBE LLC<br><br>Defendants. | Case No. 2:23-CV-03452-JAK-MRWx<br><br>Hon. John A. Kronstadt<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS** |

1

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 Moraga Drive
Los Angeles, CA 90049



**AND AUTHORITIES;
DECLARATION OF MARK D.
HURWITZ; DECLARATION OF
MICHAEL C. THOMPSON;
DECLARATION OF GREGORY
R. HOLMES**

Date:          September 11, 2023
Time:          8:30 a.m.
Courtroom:  10B
First Street Courthouse
350 West 1st Street
Los Angeles, CA 90012

Levy, Small & Lallas
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 Moraga Drive
Los Angeles, CA 90049

2

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C.
THOMPSON AND GREGORY R. HOLMES TO DISMISS**

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 11, 2023 at 8:30 a.m. in Courtroom 10B of the First Street Courthouse of this Court, located at 350 West 1st Street, Los Angeles, CA 90012, Defendants Michael C. Thompson ("Thompson") and Gregory R. Holmes ("Holmes" and collectively with Thompson, the "Moving Parties") will and hereby do move to dismiss the operative complaint of Plaintiff Todd Michael Schultz ("Plaintiff") in this action, which currently is the Fourth Amended Complaint filed on July 17, 2023 ("Complaint"), on the following grounds pursuant to Rule 12(b) of the Federal Rules of Civil Procedure ("FRCP"):

1. Lack of subject matter jurisdiction [FRCP 12(b)(1)];
2. Lack of personal jurisdiction over Moving Parties [FRCP 12(b)(2)];
3. Failure to state a claim against Moving Parties upon which relief can be granted [FRCP 12(b)(6)].

In the alternative, Moving Parties will and hereby do move pursuant to FRCP 12(e) for a more definite statement with respect to the Complaint.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities and Declarations of Mark D. Hurwitz, Michael C. Thompson, and Gregory R. Holmes, the papers and pleadings on file in this action, and such other and further matters as the Court may consider.

3

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

This motion is made following the conference of counsel (with Plaintiff acting *in propria persona*) pursuant to L.R. 7-3 which took place on July 24, 2023 [*see* Declaration of Mark D. Hurwitz, ¶ 2].

DATED: July 31, 2023

LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
TOM LALLAS
MARK D. HURWITZ


By: _____*Mark Hurwitz*_____
MARK D. HURWITZ
Attorneys for Defendants
Michael C. Thompson and
Gregory R. Holmes

Type text here

---

4

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES..........................................7

I.     INTRODUCTION.................................................................................7

II.    THIS ACTION MUST BE DISMISSED FOR LACK OF SUBJECT
       MATTER JURISDICTION. ...................................................................8

III.   THIS ACTION MUST BE DISMISSED FOR LACK OF
       PERSONAL JURISDICTION OVER MOVING PARTIES. ......................9

       A.     Plaintiff Must Prove Facts Establishing That the Exercise of
              Personal Jurisdiction Over the Nonresident Moving Parties
              Comports with Due Process....................................................9

       B.     Plaintiff Cannot Prove General Jurisdiction Over Moving
              Parties..................................................................................10

       C.     Plaintiff Cannot Prove Specific Jurisdiction Over Moving
              Parties..................................................................................11

IV.    THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF
       AGAINST MOVING PARTIES.................................................................15

V.     A MORE DEFINITE STATEMENT IS REQUIRED...............................16

VI.    CONCLUSION .................................................................................17

DECLARATION OF MARK D. HURWITZ ........................................18

DECLARATION OF MICHAEL C. THOMPSON...............................19

DECLARATION OF GREGORY R. HOLMES ..................................22

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C.
THOMPSON AND GREGORY R. HOLMES TO DISMISS**

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

# TABLE OF AUTHORITIES

**Page**

## CASES

*Beneficial National Bank v. Anderson,*
539 U.S. 1, 123 S. Ct. 2058 (2003) ................................................................ 8

*Doe v. Unocal Corp.,*
248 F.3d 915 (9th Cir. 2001) ............................................................ 9, 10, 14

*Hyperlync Techs., Inc. v. T-Mobile USA, Inc.,*
No. LA CV23-00734 JAK (KS), 2023 U.S. Dist. LEXIS 97690 (C.D. Cal.
June 1, 2023) ................................................................................................ 10

*Morrill v. Scott Fin. Corp.,*
873 F.3d 1136 (9th Cir. 2017)................................................................passim

*Negrete v. City of Oakland,*
46 F.4th 811 (9th Cir. 2022)........................................................................... 8

*Newman-Green, Inc. v. Alfonzo-Larrain,*
490 U.S. 826, 109 S. Ct. 2218 (1989) ........................................................... 9

*Pebble Beach Co. v. Caddy,*
453 F.3d 1151 (9th Cir. 2006)................................................................ 12, 14

*Picot v. Weston,*
780 F.3d 1206 (9th Cir. 2015)...................................................................... 15

*Schwarzenegger v. Fred Martin Motor Co.,*
374 F.3d 797 (9th Cir. 2004)........................................................................ 14

*Walden v. Fiore,*
571 U.S. 277, 134 S. Ct. 1115 (2014) ................................................... 12, 13

## STATUTES

28 United States Code Section 1331 ................................................................ 8

28 United States Code Section 1332 ................................................................ 8

## RULES

Federal Rule of Civil Procedure 10 ............................................................ 7, 16

Federal Rule of Civil Procedure 12 ........................................................passim

Federal Rule of Civil Procedure 8 .............................................................. 7, 16

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Defendants Michael C. Thompson ("Thompson") and Gregory R. Holmes ("Holmes" and collectively with Thompson, the "Moving Parties") hereby move pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b) to dismiss the patently defective operative complaint filed by plaintiff Todd Michael Schultz ("Plaintiff"), which currently is the Fourth Amended Complaint filed on July 17, 2023 ("Complaint").

First, the Complaint does not state a basis for subject matter jurisdiction in this Court, as (a) there is no diversity of citizenship between Plaintiff and Defendant YouTube LLC ("YouTube") and (b) the Complaint does not state a claim arising under the Constitution, laws or treaties of the United States. Furthermore, Moving Parties lack sufficient contacts with the State of California to warrant the exercise of personal jurisdiction over them in this action.

In the first instance the Complaint should be dismissed without leave to amend for lack of jurisdiction.  Moreover, Plaintiff fails to state a claim upon which relief can be granted against either of the Moving Parties, as the Complaint does not comply with FRCP 8(a) and 10(b) and does not delineate any particular claim for relief alleged against either of the Moving Parties.  At the very least, Moving Parties cannot be required to respond to the Complaint as currently pleaded.  Among other things, Moving Parties cannot tell what specific claims for relief may be alleged against them so that they may address the elements thereof (and Plaintiff's failure to plead them) or prepare appropriate affirmative defenses. The Complaint should be dismissed without leave to amend but if nothing else, a more definite statement must be required.

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

## II.     THIS ACTION MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

From the face of the Complaint, this motion under FRCP 12(b)(1) must be granted because the Complaint does not state a basis for subject matter jurisdiction in this Court.

Pursuant to 28 United States Code Section 1331, this Court may have subject matter jurisdiction of "civil actions arising under the Constitution, laws, or treaties of the United States."  "To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: 'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.'" *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003) (citations omitted).  The allegations of the Complaint do not show that there is any provision of the Constitution or other law or treaty of the United States under which Plaintiff asserts his claims.  Plaintiff cannot anticipate that a defendant might assert a federal law defense, as "a federal issue raised in anticipation of a defense is not sufficient to establish federal question jurisdiction" and "'it is now settled law' that a federal defense to a state law cause of action cannot confer federal question jurisdiction."  *Negrete v. City of Oakland*, 46 F.4th 811, 819-820 (9th Cir. 2022) (citation omitted).  Thus, no federal question exists to support subject matter jurisdiction (regardless of the defense YouTube raised in its pending motion).

Plaintiff also cannot establish subject matter jurisdiction based on diversity of citizenship pursuant to 28 United States Code Section 1332(a)(1), as Plaintiff concedes that both he and Defendant YouTube are citizens of the State of California [Complaint, ¶¶ 2, 5, 8].  "When a plaintiff sues more than one defendant

8

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829, 109 S. Ct. 2218, 2221 (1989) (italics in original). Plaintiff admittedly cannot satisfy the diversity requirement as to YouTube, and this action should be dismissed forthwith.

## III.    THIS ACTION MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER MOVING PARTIES.

### A.    Plaintiff Must Prove Facts Establishing That the Exercise of Personal Jurisdiction Over the Nonresident Moving Parties Comports with Due Process.

Plaintiff cannot rely on the allegations of the Complaint to support personal jurisdiction over the Moving Parties, neither of whom is a resident or citizen of the State of California.  "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Morrill v. Scott Fin. Corp.,* 873 F.3d 1136, 1141 (9th Cir. 2017) (citation and internal quotations omitted).  If Plaintiff cannot *prove* facts establishing personal jurisdiction over the Moving Parties, this motion must be granted.  As shown by the accompanying Declarations of Michael C. Thompson and Gregory R. Holmes, Moving Parties lack sufficient contacts with the State of California to support the exercise of personal jurisdiction over them in this action.

In the absence of any applicable federal statute or rule concerning personal jurisdiction, a district court turns to "the forum state's 'long-arm statute'" to determine whether personal jurisdiction exists. *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).  "California's long-arm statute extends jurisdiction to the limits of due process." *Id.*

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

Levy, Small & Lallas
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 Moraga Drive
Los Angeles, CA 90049

"Constitutional due process requires that defendants have certain minimum contacts with a forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Morrill*, 873 F.3d at 1141 (citations and internal quotations omitted). The presence or absence of such minimum contacts must be analyzed to determine whether the plaintiff can prove the defendant either (a) is generally present in the forum state ("general jurisdiction") or (b) has sufficient contacts with the forum state arising from or related to specific transactions or activities at issue in the case ("specific jurisdiction"). As the Court in *Morrill* stated, "Minimum contacts are shown if the defendant has 'continuous and systematic general business contacts' with a forum state (general jurisdiction), or if the defendant has sufficient contacts arising from or related to specific transactions or activities in the forum state (specific jurisdiction)." *Id.*, 873 F.3d at 1142 (citation omitted). For the reasons discussed below, Plaintiff cannot prove general jurisdiction or specific jurisdiction over the Moving Parties.

**B.    Plaintiff Cannot Prove General Jurisdiction Over Moving Parties.**

Moving Parties are not subject to general personal jurisdiction in California. General jurisdiction exists when "the defendant's activities in the forum are substantial, continuous and systematic." *Doe v. Unocal Corp.*, 248 F.3d at 923. As this Court recently stated, "General jurisdiction is present only when the party has contacts with the forum state that are 'substantial or continuous and systematic' so as to 'approximate physical presence' in the state." *Hyperlync Techs., Inc. v. T-Mobile USA, Inc.*, No. LA CV23-00734 JAK (KS), 2023 U.S. Dist. LEXIS 97690, at *10 (C.D. Cal. June 1, 2023). Neither of the Moving Parties has such substantial, continuous or systematic contacts with California. As Plaintiff admits, both of the Moving Parties reside in the Commonwealth of

10

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

Levy, Small & Lallas
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

Kentucky [Complaint, ¶¶ 6-7]. Neither of them has ever lived in, or even visited, California. [Thompson Decl., ¶ 3; Holmes Decl., ¶ 3].  Moreover, neither of the Moving Parties has ever (a) owned or rented any real or personal property in California, (b) filed a lawsuit or other legal proceeding in California, (c) held a bank account in California, (d) owned or operated a business located in California, or (e) otherwise availed himself of any benefit of doing business in the State of California [Thompson Decl. ¶¶ 4-8; Holmes Decl. ¶¶ 4-8].  Plaintiff thus cannot prove that either of the Moving Parties is subject to general jurisdiction in California.

**C.      Plaintiff Cannot Prove Specific Jurisdiction Over Moving Parties.**

Moving Parties also lack even minimum contacts with the State of California to support the exercise of specific jurisdiction over them in this action.  As the Court set forth in *Morrill*:

> We apply a three-part test to determine whether a defendant has sufficient contacts to be subject to specific personal jurisdiction:
>
> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.*, 873 F.3d at 1142.

11

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

Specific jurisdiction does not exist unless all three elements are established. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (citation omitted).

Plaintiff cannot prove specific jurisdiction because he cannot satisfy the first requirement of "purposeful direction" or "purposeful availment." "Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum. Evidence of direction generally consists of action taking place outside the forum that is directed at the forum." *Pebble Beach Co.*, 453 F.3d at 1155 (citation omitted). No availment exists here because Moving Parties did not take any action in California, much less did they do anything to invoke the benefits and protections of California law [*see* Thompson Decl., ¶¶ 8-12; Holmes Decl., ¶¶ 8-10].

Purposeful direction also does not exist here, regardless of Plaintiff's residence in California. The Supreme Court has confirmed that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 286, 134 S. Ct. 1115, 1123 (2014). Furthermore, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.*, 571 U.S. at 285, 134 S. Ct. at 1122. As the Court in *Morrill* stated, "two factors are considered in determining whether an action is expressly aimed at the forum state: [¶] (1) First, the relationship must arise out of contacts that the defendant *himself* creates with the forum State. … Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated. [¶]

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

(2) Second, our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Morrill*, 873 F.3d at 1143 (citing *Walden*; italics in original). *See also id.*, 873 F.3d at 1148-1149 ("To establish personal jurisdiction over Defendants in this action, Plaintiffs were required to make a prima facie showing that Defendants' alleged actions were directed at Arizona, not just at individuals who resided there.")

Since the only link between California and the allegations against Moving Parties is Plaintiff's residence, Plaintiff cannot prove that Moving Parties purposefully directed any activity toward California. The Complaint does not allege a single act that either of the Moving Parties committed in, or directed to, the State of California that is pertinent to this action.

As the accompanying Declarations of Thompson and Holmes confirm, Moving Parties did not engage in any activity directed toward California. Thompson operates one or more "channels" on YouTube that are generally accessible online. All of Moving Parties' activities for those channels are conducted in the Commonwealth of Kentucky. Moving Parties have never contacted anyone in the State of California to obtain material for any of those YouTube channels. None of the material on those channels is directed at or specifically marketed to the State of California. Moving Parties do not have any control over advertisements that YouTube may allow to be posted on those channels, and in any event Moving Parties do not conduct any promotions or advertisements in, or directed to, California for any of those channels. Moving Parties do not know and cannot control where in the world any subscribers to those

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

channels or viewers of content on those channels (who typically number in the hundreds) may be located.  [Thompson Decl. ¶ 9; Holmes Decl. ¶ 9.][1]

In light of the foregoing, Plaintiff cannot prove that Moving Parties purposefully directed activities toward the State of California, notwithstanding Plaintiff's California residence.  *See, e.g., Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 807 (9th Cir. 2004) (where advertisement was not expressly aimed at California, no jurisdiction even if defendant knew plaintiff lived in California); *Pebble Beach Co.*, 453 F.3d at 1158 (no jurisdiction where website was not directed at California).  Since Plaintiff cannot satisfy the first prong of the three-factor test, Plaintiff cannot prove specific jurisdiction over Moving Parties, and this motion must be granted.

Not only does Plaintiff's failure to satisfy the first prong of the three-part test preclude personal jurisdiction over Moving Parties, but Plaintiff also cannot satisfy the second prong because he cannot show that his claim (whatever it may be) arises out of or relates to the Moving Parties' California-related activities.  "To determine whether a claim arises out of forum-related activities, courts apply a 'but for' test. Here, the Court considers whether plaintiffs' claims would have arisen but for [defendant's] contacts with California."  *Doe v. Unocal Corp.*, 248 F.3d at 924 (citation omitted).  Although the Complaint is not a model of clarity and does not clearly set out any claim for relief against either of the Moving Parties, to the extent the claims are based on material that Moving Parties allegedly posted online, such internet activity was conducted outside of California and does not

---

[1] Moving Parties also expressly deny Plaintiff's speculative allegations that they (a) contacted other individuals in California, or (b) associated with or used information provided by other individuals who may have reached out to Thompson but whom Thompson never sought out and whose state of residence was unknown to Thompson.  [Thompson Decl. ¶¶ 10-12; Holmes Decl. ¶ 10.]

14

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

Levy, Small & Lallas
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

depend on any contacts between the Moving Parties and California.  There is no evidence of any activity by Moving Parties in California that gave rise to the alleged claims, nor do the purported claims even depend on Plaintiff's presence in California.  Whatever alleged harm Plaintiff asserts could have purportedly occurred in any of the other 49 states (if not in any other country) if Plaintiff resided there. *See Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) (no jurisdiction where plaintiff's "injury is entirely personal to him and would follow him wherever he might choose to live or travel").  Plaintiff's claims do not arise from or relate to any California-related activities of Moving Parties, and personal jurisdiction over them does not exist in this case.[2]

As discussed above, Plaintiff bears the burden of proving facts sufficient to support the exercise of personal jurisdiction over Moving Parties in this action. Plaintiff cannot carry this burden, and this action must be dismissed for lack of personal jurisdiction pursuant to Moving Parties' motion under FRCP 12(b)(2).

## IV.  THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF AGAINST MOVING PARTIES

Although in the first instance this action must be dismissed on the jurisdictional grounds set forth above, in any event the Complaint must be dismissed because it fails to state a claim against either of the Moving Parties upon which relief may be granted.  While the Complaint is replete with scattershot and hyperbolic accusations against Moving Parties, there is not a single clearly delineated claim for relief alleged against either of the Moving Parties. Accordingly, Moving Parties cannot address whether Plaintiff has adequately

---

[2] Although unnecessary to this motion, Moving Parties submit that the exercise of personal jurisdiction over them in California, which they have never even visited, would be unreasonable [Thompson Decl. ¶ 13; Holmes Decl. ¶ 11].

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

Levy, Small & Lallas
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 Moraga Drive
Los Angeles, CA 90049

alleged the necessary elements of *any* particular claim for relief because Moving Parties do not know what purported claims for relief have been alleged against them.

Plaintiff's Complaint does not comply with applicable pleading rules. For instance, FRCP 8(a)(2) requires Plaintiff to set forth a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief." FRCP 8(d)(1) similarly requires that each allegation "must be simple, concise, and direct," while FRCP 8(d)(2) allows Plaintiff to "set out 2 or more statements of a claim … either in a single count … or in separate ones." Moreover, FRCP 10(b) provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count." Plaintiff's Complaint does not meet these pleading requirements. Since the Complaint does not delineate any specific count or claim for relief against either of the Moving Parties, it cannot be said that Plaintiff has adequately alleged the required elements of *any* alleged claim for relief against either of the Moving Parties. Accordingly, if for any reason the Court does not dismiss this action as against Moving Parties for lack of jurisdiction, the Complaint must be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim for relief against the Moving Parties upon which relief may be granted. Based on Plaintiff's insistence that he would not amend his Complaint [Hurwitz Decl., ¶ 2], the dismissal should be without leave to amend.

## V.   A MORE DEFINITE STATEMENT IS REQUIRED

Granting that this action should be dismissed as against the Moving Parties for lack of jurisdiction, at the very least a more definite statement is required before Moving Parties may be compelled to respond to the Complaint. As set forth above with respect to dismissal pursuant to FRCP 12(b)(6) for failure to state a claim, the Complaint "is so vague or ambiguous that [Moving Parties] cannot

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

Levy, Small & Lallas
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

reasonably prepare a response" [FRCP 12(e)].   Again, without delineation of a single claim for relief against either of the Moving Parties, it is unclear (i) what elements Plaintiff must allege to support any claim for relief, (ii) whether Plaintiff has alleged the required elements for purposes of FRCP 12(b)(6), or (iii) what affirmative defenses may be necessary or appropriate for Moving Parties to allege. Accordingly, if this action is not now dismissed, then pursuant to FRCP 12(e) Plaintiff should be required provide a more definite statement of his alleged claims before Moving Parties may be compelled to respond thereto.[3]

## VI.   CONCLUSION

For the foregoing reasons, Moving Parties respectfully request that the Court dismiss this action in its entirety as to Moving Parties for lack of subject matter jurisdiction and/or lack of personal jurisdiction.

In the alternative, the Moving Parties respectfully request that the Court dismiss the Complaint for failure to state a claim upon which relief can be granted as against the Moving Parties, or at the very least to require Plaintiff to provide a more definite statement of his alleged claims against Moving Parties.

DATED:  July 31, 2023                    LEVY, SMALL & LALLAS

By: _____*Mark Hurwitz*_____
MARK D. HURWITZ
Attorneys for Defendants
Michael C. Thompson and
Gregory R. Holmes

---

[3] Moving Parties had also contemplated filing a Motion to Strike pursuant to FRCP 12(f), but given the failure of the Complaint to delineate even a single claim for relief against Moving Parties, it is difficult to determine precisely which portions of the Complaint are "redundant, immaterial, impertinent, or scandalous" with respect to Moving Parties.  In the event this action is not dismissed forthwith for lack of jurisdiction, Moving Parties reserve all rights to move to strike "any redundant, immaterial, impertinent, or scandalous matter" that may appear in any further amended complaint.

17

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

## DECLARATION OF MARK D. HURWITZ

I, Mark D. Hurwitz, declare as follows:

1.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California and am an attorney at Levy, Small & Lallas, A Partnership Including Professional Corporations, attorneys of record for Defendants Michael C. Thompson and Gregory R. Holmes (collectively the "Moving Parties") in the above-captioned matter.  I have personal, first-hand knowledge of the entire contents of this Declaration and, if called upon to do so, could and would competently testify thereto.

2. On July 24, 2023, pursuant to this Court's Local Rule 7-3, I held a 40-minute telephonic meet and confer with Plaintiff Todd Michael Schultz ("Plaintiff"), who is representing himself *in propria persona* in this action.  During this meet and confer, I explained to Plaintiff the grounds on which Moving Parties intended to file a motion to dismiss this action for lack of subject matter jurisdiction, lack of personal jurisdiction as to Moving Parties, and failure to state a claim upon which relief may be granted against Moving Parties, or in the alternative for a more definite statement.  During this meet and confer, Plaintiff informed me that he intended to seek leave to file a Fifth Amended Complaint and, without waiver of any of Moving Parties' rights with respect to a response thereto, I told Plaintiff that I consented to him filing a Fifth Amended Complaint.  On July 26, 2023, however, Plaintiff informed me that he did not intend to amend his Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of July, 2023 at Los Angeles, California.



Mark D. Hurwitz

18

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

# DECLARATION OF MICHAEL C. THOMPSON

I, Michael C. Thompson, declare as follows:

1.      I am a resident and citizen of the Commonwealth of Kentucky and have been named as a Defendant in this action. I have personal, first-hand knowledge of the entire contents of this Declaration and, if called upon to do so, could and would competently testify thereto.

2.      I have been a full time resident and citizen of the Commonwealth of Kentucky since 2017.

3.      I have never visited, much less have I ever been a resident or a citizen of, the State of California.

4.      I have never owned or rented any real or personal property in the State of California.

5.      I have never filed a lawsuit or other legal proceeding in the State of California.

6.      I have never held a bank account in the State of California.

7.      I have never owned or operated a business located in the State of California.

8.      I have never availed myself of any benefit of doing business in the State of California.

9.      I have operated one or more "channels" on YouTube that are generally accessible online.  All of my activities for those channels are conducted in the Commonwealth of Kentucky.  I have never contacted anyone in the State of California to obtain material for any of my YouTube channels.  None of the material on my channels is directed at or specifically marketed to the State of California.  I do not know and cannot control where in the world any subscribers to my channels or viewers of content on my channels (which typically number in the

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

hundreds) may be located. I do not have any control over advertisements that YouTube may allow to be posted on my channels, and in any event I do not conduct any promotions or advertisements in, or directed to, California for any of my channels. I do not participate in the YouTube AdSense program, nor do I desire to have advertisements on my channel. Any advertisements that appear would be placed by YouTube and not me.

10.    I understand that plaintiff Todd Michael Schultz ("Plaintiff") alleges (a) in paragraph 19 of his Fourth Amended Complaint ("Complaint") that it is "very possible" that I "directly emailed Mr. Peter Fay," whom Plaintiff alleges in paragraph 18 of his Complaint is the manager of the building in which Plaintiff resides, and (b) in paragraph 25 of his Complaint that I "likely emailed the building." I do not know, and I have never sent any email or other message to, Mr. Fay or anyone else who may work in that building. In fact, I have never had any contact (whether by email, telephone or otherwise) with Mr. Fay or anyone else who may work in that building.

11.    I understand that Plaintiff alleges in paragraph 20 of his Complaint that I "admitted, or duly insinuated," that I "emailed, called or otherwise contacted Plaintiff's General Practitioner in order to interfere with Plaintiff's medication." I do not know, and I have never contacted (whether by email, telephone or otherwise), "Plaintiff's General Practitioner" or any other physician who may have treated Plaintiff, and I have never admitted or "insinuated" that I ever made any such contact.

12.    I understand that Plaintiff alleges in paragraph 29 of his Complaint that I "associated" with a Mr. Fortune and with an individual named Soledad Haren. Although these individuals may have reached out to me, I never sought out either of them, and I do not have any knowledge as to where either of them resides

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

or if either of them resides in California.   While I denied false allegations that Plaintiff posted online about a supposed "conspiracy" between me and Mr. Fortune, I have not used in any of the material I posted on my YouTube channels anything that either Mr. Fortune or Soledad Haren may have said to me.

13.     Since I have never been to California, and I do not have any dealings in or with the State of California, it would be unreasonable to require me to litigate this action in the State of California.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of July, 2023 at Erlanger, Kentucky.

_____
Michael C. Thompson

21

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C.
THOMPSON AND GREGORY R. HOLMES TO DISMISS**

# DECLARATION OF GREGORY R. HOLMES

I, Gregory R. Holmes, declare as follows:

1.      I am a resident and citizen of the Commonwealth of Kentucky and have been named as a Defendant in this action. I have personal, first-hand knowledge of the entire contents of this Declaration and, if called upon to do so, could and would competently testify thereto.

2.      I have been a full time resident and citizen of the Commonwealth of Kentucky since I was born in 1964.

3.      I have never visited, much less have I ever been a resident or a citizen of, the State of California.

4.      I have never owned or rented any real or personal property in the State of California.

5.      I have never filed a lawsuit or other legal proceeding in the State of California.

6.      I have never held a bank account in the State of California.

7.      I have never owned or operated a business located in the State of California.

8.      I have never availed myself of any benefit of doing business in the State of California.

9.      I do not operate any of the "channels" that my co-defendant, Michael C. Thompson, operates on YouTube, which are generally accessible online.  From time to time I may make suggestions or express opinions to Mr. Thompson about the content on his channels, which he is free to ignore.  All of my activities with respect to those channels are conducted in the Commonwealth of Kentucky.  I have never contacted anyone in the State of California to obtain material for any of Mr. Thompson's YouTube channels.  I have never caused any of the material on those

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

1   channels to be directed at or specifically marketed to the State of California.  I do

2   not have any control over advertisements that YouTube may allow to be posted on

3   Mr. Thompson's channels, and in any event I do not conduct any promotions or

4   advertisements in, or directed to, California for any of Mr. Thompson's channels.

5        10.    I understand that Plaintiff alleges in paragraph 29 of his Fourth

6   Amended Complaint that I "associated" with a Mr. Fortune and with an individual

7   named Soledad Haren.   I have never been in contact with either of these

8   individuals.

9        11.    Since I have never been to California, and I do not have any dealings

10  in or with the State of California, it would be unreasonable to require me to litigate

11  this action in the State of California.

12

13       I declare under penalty of perjury under the laws of the United States of

14  America that the foregoing is true and correct.

15  Executed this 31st day of July, 2023 at Erlanger, Kentucky.

16

17  Gregory R. Holmes

18

19

20

21

22

23

24

25

26

27                                    23

28  **NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C.**
    **THOMPSON AND GREGORY R. HOLMES TO DISMISS**

LEVY, SMALL & LALLAS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

## PROOF OF SERVICE

### _Todd Michael Schultz vs. Michael C. Thompson, et al._

### U.S. District Court – Central District, Case No. 2:23-CV-03452-JAK-MRWx

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 815 Moraga Drive, Los Angeles, California 90049.

On July 31, 2023, I served the foregoing document described as: **NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL JURISDICTION, FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, AND FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK D. HURWITZ; DECLARATION OF MICHAEL C. THOMPSON; DECLARATION OF GREGORY R. HOLMES** on all interested parties in this action ☒ by placing a true copy ☐ by placing true copies thereof enclosed in sealed envelopes addressed as shown on the below service/mailing list in the manner indicated below:

☒ **(BY SERVICE OF COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"))** Pursuant to controlling General Order(s), the foregoing document will be served by the Court via NEF and hyperlink to the document.  I checked the CM/ECF docket for this action and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

- **Todd Michael Schultz**
  818 N. Doheny Drive, #1108
  West Hollywood, CA 90069
  toddschultz86@gmail.com

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 31, 2023, at Los Angeles, California.

_/s/Mark D. Hurwitz_
Mark D. Hurwitz

24

**NOTICE OF MOTION AND MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

Levy, Small & Lallas
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 Moraga Drive
Los Angeles, CA 90049