2:23-cv-03452-JAK-MRW

TODD MICHAEL SCHULTZ
818 N DOHENY DR. #1108
WEST HOLLYWOOD, CA 90069
310-435-5847
TODDSCHULTZ86@GMAIL.COM
In Pro Per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

PLAINTIFF

TODD MICHAEL SCHULTZ

     vs.

DEFENDANTS

   MICHAEL C. THOMPSON
   GREGORY R. HOLMES
   YOUTUBE LLC

_____

Case No: 2:23-cv-03452-JAK-MRWx

MEMORANDUM OF POINTS AND
AUTHORITES IN OPPOSITION TO
MOTION TO DISMISS YOUTUBE
LLC's MOTIONS TO DISMISS ON
JURISDICTION AND RULE 47
SECTION 230

Jury Trial Demanded:  YES

   PLAINTIFF TODD MICHAEL SCHULTZ, in Pro Per, submits the following points

and authorities in opposition to the motion of YouTube LLC. (onward "Youtube), a

subsidiary of Google LLC (onward "Google") to dismiss this action under Federal Rules

of Civil Procedure 12(b)1- for lack of jurisdiction and 12(b)(6) – failure to state a claim

on which relief can be granted.

MEMO OF POINTS IN OPPOSITION TO MOTION TO DISMISS

# <u>TABLE OF CONTENTS</u>

<u>SUMMARY OF THE PLEADING</u>…………………………………………2

 <u>LEGAL ARGUMENT</u>……………………………………………………..5

I.    **FOURTH AMENDED COMPLAINT contains myriad claims, sufficient to establish controversy of the potential misprision, fraud, complicitness in the act of Cyberstalking as it is described in 1708.7 of the California Civil Code under California Laws for a "pattern of conduct" that promised the enforcement of Community Guidelines under which such behavior is contained, Warranting All Forms Of Relief Contained In Summary Of Relief from FOURTH AMENDED COMPLAINT including: INJUNCTIVE, PUNITIVE, COMPENSATORY And ECONOMICAL or all of them.**

MEMO OF POINTS IN OPPOSITION TO MOTION TO DISMISS

i.

# TABLE OF AUTHORITIES

**CASES:**

1)  **Anderson V. TikTok Inc.**

    **No. 22-1849 WL 14742788 (E.D. Pa Oct. 25 2022)**

2)  **Barnes V. Yahoo! Inc.**

    **570 F.3d 1096 (9th Cir. 2009)**

3) **Asia Econ Inst. V Xcentric Ventures LLC.**

     **C.D. Cal. May 4, 2011)**

3)  **Caraccioli v Facebook Inc.**

    **167 F. Supp 3d 1056 (N.D. Cal 2016)**

    **aff'd 700 F App'x588 (9th cir. 2017)**

4)  **Lenz v. Universal Music Corp.**

    **572 F. Supp 2d 1150**

5)  **Perfect 10 Inc. v CCBill**

    **488 F.3d 1102 (9th Cir. 2007)**

**STATUTES:**

**47 U.S. CODE §230**

**18 U.S. CODE §2261A**

**18 U.S. CODE §4**

**18 U.S. CODE §1001**

### ***SUMMARY OF THE PLEADING***

The FOURTH AMENDED COMPLAINT (onward 4AC) provided to all defendants a litany of allegations, including conspiracy to inflict emotional distress, conspiracy to cyberstalk, misprision of cyberstalking, fraud but potentially one or the other or both. There were many instances from the date Youtube was served until now, in which they could have addressed, with substantive responses, what would have rendered the complaint moot, upon which Plaintiff would have withdrawn against Youtube. Instead, they deliberately denied Plaintiff, acting in a Pro Se capacity, any answers to any questions while utilizing what may be described as litigation privilege to deflect all of the accusations.

Many of Mr. Tucker's citations were bizarrely placed in a motion to dismiss, as many of those cases resulted in the questioning and process of interrogating moderators operating on websites like Facebook and Ripoff Report. Plaintiff finds 230 immunities to have been entirely granted where they were deserved (**Anderson v. TikTok** and **Asia Econ Inst. V Xcentric Ventures LLC.)**, and not granted, or not granted entirely, where there was liability (e.g. **Barnes v. Yahoo!** under promissory estoppel). Youtube's Terms of Service from 2021 to the current year states "We Remove Content That Violates Our Guidelines." This is a lie. Or it's a mistake, but it's Fraud if it's YouTube LLC's mistake unless they can attest for the entire ordeal leading to said mistake with precision.

Liability results when a party contributes materially to the harm of an individual, whether by action or inaction. There are many terms that can be applied, but none that can be applied accurately in this matter without Discovery, and likely a subsequent trial.

Plaintiff was harassed by Defendants, Thompson and Holmes, dozens of times, for many hours. Plaintiff reported the harassment to YouTube several times. Plaintiff believed that when YouTube obtained the reports, they would intervene and his name might begin to be cleared. The offending content is not, as Mr. Tucker puts, a violation as "Plaintiff sees fit", but an overt violation which will not hold under scrutiny.

Per fact, Youtube represents itself as a company that "strictly enforces" their cyberharassment policies and do not allow for "prolonged malicious insults" based on things like teeth, childhood abuse, disabilities like ADHD, etc. All of those were present in the CHANNEL "HOLLYWOOD LAUGHINGSTOCK" published on the Youtube platform. Youtube did not publish said HL Channel. They also promised via their Terms of Service to remove such content and solicited "flagging" which equates to "reporting" content that ought to be removed.

Plaintiff contends that several questions must be answered prior to any dismissal. Such questions include: How many channel reports did Mr. Thompson receive? How many overall reports did Mr. Thompson receive? Did Mr. Thompson violate Plaintiff's copyright almost one thousand times? Did Plaintiff's complaints through the CYBERSTALKING/ CYBERHARASSMENT channel report constitute copyright

reports when they included statements that the channel was using Plaintiff's copyright. Did Youtube know about Thompson's activities? Did Youtube know of Thompson?

They certainly did as of May of 2023. Has Thompson been removed? No. Therefore, Plaintiff must address why Thompson's material does not violate guidelines, as this is the most simple route to solving the case insofar as they are involved. If they cannot describe why Thompson's content does not violate their guidelines, then they are likely hiding quite a bit of incriminating information. Plaintiff doesn't know why Youtube acted so egregiously negligent. In a best case scenario Plaintiff suggests it may have to do with social identity, or other types of profiling, to which they contend to doing in their current enforcement policies.

A 28 page for a motion to dismiss using 52 case citings is excessive when quotes from moderators who received aforementioned channel reports stating why guidelines weren't or were violated would be much quicker. Plaintiff believes in section 230 and finds Youtube in gross violation of many of its tenets.

Plaintiff does not want Youtube to moderate as "he sees fit". That is a farce and would constitute, very likely, a frivolous lawsuit, which Plaintiff has zero history of doing. Plaintiff does have a history of attempting legal action where Plaintiff finds actual violations. Namely, two years prior to the start of action, or nearly so, Plaintiff indicated that he would sue Mr. Thompson, Mr. Holmes, and Youtube for wanton violation of a litany of Plaintiff's civil rights. Plaintiff did make an attempt to sue Youtube, though

unsuccessfully, in 2021. Since then, Plaintiff did much diligence in learning how to apply and enforce his civil rights without the aid of peers or advisors. Plaintiff was spurred to action by Thompson's promise to never stop harassing him.

Plaintiff will not have his first amendment rights stifled by defamation, libel and psychological terrorism as directed by a person with no veritable contentions. Additionally, Plaintiff will hold Youtube responsible for such activity given that they did not respond to at least seven reports about the channel (at the very least) which was on it's face directed at Plaintiff (Exhibit G, H, I, J, K, etc.) and meant to cause harm to plaintiff's reputation, alarm Plaintiff and quite honestly, meant to drive Plaintiff to psychosis which Thompson hoped would result in homelessness. It sounds egregious, Plaintiff is aware. Beyond egregious one might say. But this is the content Michael C. Thompson and Gregory R. Holmes are participating in creating to this very day.

**LEGAL THEORY:**

**I. YOUTUBE VIOLATES §230 in several instances and is misusing the code in order to exercise immunity over actual crimes in this matter.**

**a) 47 U.S. Code § 230 – Protection for private and blocking and screening of offensive material.**

1) **§230 (a)(3)** Plaintiff's is unable, without severe harassment, to utilize Youtube's

Livechat in a manner allowing for "**true diversity of political discourse, unique opportunities for cultural development, and myriad avenues for intellectual activity**(a)(3)." Plaintiff used Youtube's livestreaming in order to engage in all of the above. He discusses legal theory, politics from time to time and myriad unique subjects as well as plays piano and sings songs. Defendants Thompson and Holmes made this impossible to continue without serious distress. Youtube was warned and has since offered zero redress. There is redress available. Facebook's Livechats limit users, generally speaking, to their given names. Such an aspect is very helpful and not available on Youtube, thus Youtube live in contrast to the spirit of §230(a)(3).

2) §230(b)(3) "**To encourage the development of technologies which maximize user control over what information is received by individuals, families and schools who use the internet and other interactive computer services**." Without sustaining major harm from anonymous accounts, Plaintiff contends, there was no option that would allow plaintiff to maximize control over what information I received. In order to avail myself to original, kind thinkers, I would have to avail myself to Thompson and Holmes, and their acolytes or not engage at all. This is against the spirit of §230!

**Youtube is in violation of §230 (b)(5)**

**§230(b)(5)** "to ensure vigorous enforcement of Federal criminal laws to deter and punish trafficking in obscenity, stalking and harassment by means of computer." Youtube

maximized the trafficking of obscenity, stalking and harassment while ignoring complaints that it was occurring.

§230 (c)(2) It appears that it is likely enough to warrant discovery that Youtube voluntary took action in bad faith as it regards Plaintiff. This shall constitute a direct violation of the statute which deems "any action voluntarily taken in good faith to restrict access.." to offense content. Inaction is most certainly an action where moderators are concerned. Inaction in bad faith violates the spirit and the exact wording of the secion.

§230(2)(B) Youtube is among the leading corporation mounting §230 dismissals, they must know how the law incentivizes them to take **"any action to enable or make available to information content providers or others the technical means to restrict access to material"** created by an information content provider or in this case, Thompson. It's very possible Plaintiff is an experiment and that there was curiosity on behalf of staff somewhere at Google LLC or it's subsidiary. Even if it was just negligence, Plaintiff knows discovery must take place to state with certainty what laws were broken and that the weight against them, mathematically makes it impossible for a dismissal to succeed. This occurred in all case law where prolonged substantial harm was sustained by Plaintiffs after being reported multiple times. Only in this instance did the platform never perform their necessary duties.

**(e) Effect on Other Laws. §230 (e) clearly states: §230 will have no effect on criminal law.** Misprision is a criminal law. So is cyberstalking. A civil suit may be

brought against entities that commit either crime, as well as negligence, fraud, or other civil torts possible given 4AC's entirety.

**(2) No Effect On Intellectual Property Law.** Plaintiff referred to intellectual property theft (**Lenz v. Universal Music Group** and **Perfect 10 LLC vs CCBill).**  in channel complaints, which he saw as of secondary importance, but important nonetheless. The court must decide whether or not cyberharassment complaints with explicitly written copyright claims constitute copyright notification. Plaintiff was under duress, as he hoped to convey in the reports.

This callous ignoring of reports made by a single user against a prolific harasser is not tenable, nor can it be constitutional as several of my rights are being violated and my right to the pursuit of happiness is seriously harmed in 2023 America. Discovery should begin immediately based on the 230 violations alone, but in addition, the following codes were violated by one or all parties:

**18 U.S. CODE §2261A – Stalking 1(A)(B) - (A)**places that person in reasonable fear of the death of, or serious bodily injury to—**(i)** that person; **(B)** causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of subparagraph (A)

**18 U.S. CODE §4 – Misprision -** Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military

MEMO OF POINTS IN OPPOSITION TO MOTION TO DISMISS

authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

**18 U.S. CODE §1001 -** Federal fraud law is defined under 18 U.S.C. § 1001[1] as knowingly and intentionally doing any of the following: Falsifying, concealing, or covering up by any trick, scheme, or device a material fact; Making any materially false, fictitious, or fraudulent statement or representation.

Plaintiff suggests that if Youtube did not read, nor did any of its moderators, read his channel reports, then they committed fraud and are liable for FRAUD.

Plaintiff finds it hard to believe that none of his reports were received and thus contends that there was likely misprision occurring, in which Youtube knew of Plaintiff's distress – which is a fact as they received the 1AC in May and did nothing to prevent Thompson from continuing absolutely obscene, lewd and harmful behavior. This is misprision any way you slice it. They knew of felonies taking place and did nothing. There's a likelihood they were hoping to extend §230 to its limits, though I can assure the court they have violated several tenets of §230 without a shadow of a doubt as explained above.

Dated Monday August 7th                                          Signed by

Todd Michael Schultz

In pro per

MEMO OF POINTS IN OPPOSITION TO MOTION TO DISMISS