2:23-cv-03452-JAK-MRW

TODD MICHAEL SCHULTZ

818 N DOHENY DR. #1108

WEST HOLLYWOOD, CA
90069 310-435-5847

TODDSCHULTZ86@GMAIL.COM

In Pro Per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

PLAINTIFF

TODD MICHAEL SCHULTZ

vs.

DEFENDANTS

  MICHAEL C. THOMPSON
  GREGRORY R. HOLMES
  YOUTUBE LLC

Case No: 2:23-cv-03452-JAK-MRWx

MEMORANDUM OF POINTS
AND AUTHORITES IN
OPPOSITION TO  MOTION TO
DISMISS MICHAEL C.
THOMPSON AND GREGORY R.
HOLMES MOTIONS TO DISMISS
ON DIVERSITY OF CITIZENSHIP
AND

    PLAINTIFF, TODD MICHAEL SCHULTZ, in PRO PER, submits the following

points and authorities in opposition to the motion of Michael Christopher Thompson

and Gregrory R. Holmes (onward "Thompson" and "Holmes") a partnership that

engaged in  the civil tort of stalking, code 1708.7 that states "A person is liable for

the tort of stalking when the plaintiff proves all of the following elements of the tort:

The defendants engaged in a pattern of conduct the intent of which was to follow, alarm, place under surveillance, or harass the plaintiff. In order to establish this element, the plaintiff shall be required to support his or her allegations with independent corroborating evidence." My corroborating evidence includes videos downloaded from Thompson's vast Youtube presence, including a video entitled: TRUE SHAMANISM: demonic possession + how to be a gangstalker. "How to be a gangstalker" is the question the court 1.737 should be asking Thompson and Holmes. They understand how to operate a cyberstalking campaign as "gangstalkers", leaving victims psychologically isolated, duly ennerved and emotionally unwell, they seize on a person's struggles. Above all, they only care about "one upping" Plaintiff. This is a basic explanation. Holmes contributed to a characterization of Plaintiff based on a malicious intent to cause harm to Plaintiff, not an honest reflection, but a dishonest one based on directives from his co-defendant and his own malice. .

Thompson and Holmes willful intentional infliction of emotional distress was one of their pastimes. Plaintiff is no longer interested in why, but asks the court to look at the exhibits attached to confirm that Thompson committed something along the lines of extortion or blackmail when on October 2, 2022, from his person Twitter account, then titled "Tyler A. Dee" but which says "AKA Omni-Eris" the following: " *I told you in nouncertain terms to leave my name out of your mouth and now you're going around to journalists lying about what happened. I have no choice but ot put the video back up to defend myself. You have a nice life.* " (Ex-L)

2:23-cv-03452-JAK-MRW

Let it be known that there was never any formal agreement between Thompson and Plaintiff, nor Holmes and Plaintiff. These two individuals decided that in order to "defend" themselves, they would have to harm my reputation using edited videos of my livestream content.2

Let's not forget that every upload Thompson put on Youtube featuring my livestream content is an instance of copyright violation, of which he has been made duly aware. That amounts to 1,000 or more counts of copyright theft in the name of defamation and/ or libel.

The Defendants' counsel claims there aren't sufficient contacts between the Defendants and California. The Victim, whose copyright was violated 1,000 or more times by Thompson, willfully, in order to construe a personality or an image of Plaintiff that was as bad as he could make it, that victim lives in this district in California. That establishes definite contacts even if you didn't include Youtube, which invokes California law in it's ToS. Plaintiff contends that the "video titles" across the channel are the most harmful aspect of the entire endeavor, in addition to what I constitute as assault, which is what occurred in the Livechats of my Youtube channel (EX's BA series)

"If the harassment occurred via interstate online communications like a live chat, the federal Interstate Communications Act may potentially apply. This law prohibits making threatening or extortionate communications across state like."

2:23-cv-03452-JAK-MRW

All parties engaged in a campaign to an aggressively abusive smear campaign against Plantiff who is a resident of California and they used "HL Channel" as one of the

pillars of doing so. My own building manager, Mr. Peter Fay, thought Hollywood Laughingstock was MY CHANNEL. Platiniff has no words to describe the theft that took place as a result of this misperception. Plaintiff does not engage in harmful conduct towards other people. Plaintiff constantly is aware of the feelings of those around him and adjusts his behavior, or, promptly leaves the area, and does not continue on in a hate campaign toward anybody. This is the problem. The communications using Youtube's Livechat should be deemed assault. And all related civil torts related to assault. It is certain that there is a pain reaction to the harassment. Granted these weren't one off things, and that they were done methodically and intentionally and maliciously, the damages are so caused and constitute need for remedy, and are compounded many many times the longer they continue the assault.

Considering the ongoing nature of the crime, the serverity of it's intentions (to see Plaintiff homeless was a GOAL of the defendants. That constitutes an assault of some sort, whether we place it under **Conspiracy to Defame** or **Conspiracy to Commit Sabotage,** there many violations inherent in the conduct of the defendants and they weigh far too heavily for them to have this cased dismissed.

4

MEMO TO OPPOSE MOTION TO DISMISS

2:23-cv-03452-JAK-MRW

Additionally, I believe the court has decided to lodge this case under a Federal Question coding, which makes Mr. Hurwitz' issue with diversity of citizenship moot per my understanding.

## LEGAL THEORY

Frankly, I have yet to think of any legal theory that would lead this court to dismissal for Thompson and Holmes. It's highly likely the defendants lied in their motion to dismiss. They used a series of artfully placed Admissions and Denials which have no bearing on whether or not they attempted to destroy my life, which it is certain, and there is video evidence corroborating. This is civil court so we must implement civil torts:

1) **DEFAMATION - ESTABLISHED**

2)`**COPYRIGHT THEFT - ESTABLISHED**

3) **PATTERN OF CONDUCT SUPPORTING AFOREMENTIONED TORTS. ESTABLISHED.**

While it is every defendants privilege that they be allowed to motion for dismissal, a motion for dismissal on these grounds evades answering the lawsuit. Due process is that I get an answer to my allegations. This would rob me of my due process and there is really nothing to support Mr. Hurwitz's Motion to Dismiss. I have attached Exhibits into 5 categories: AA series relates to HL Channel mentioned 4AC, BA series relates to "Livechat" Abuse from defendants. CA series relates to comment made on various platforms by Thompson and Holmes about their activities. DA series are pattern of conduct related.

2:23-cv-03452-JAK-MRW

Thompson and Holmes knew about and worked to build and create this channel.

Mr. Holmes commented on it at the very least 43 times (that's after the deletion or

privatization of 120 videos in one day, indicatin direct knowledge of wrongdoing and

nuances of what to delete and what not to delete, which are per Youtube's

"guidelines" or are not. Either way, the copyright infringement claim is massive, and

amount to defamation and cyberstalking. As Youtube suggests in it's rules, youtube

uploads are California law based. Let it be that the defendantas are thus charged under

California codes (i.e. the same laws that would apply to someone living in Hollywood,

CA) wherever applicable.


DATED August 10, 2023            Signed by Todd Michael Schultz

                                 In PRO PER

MEMO TO OPPOSE MOTION TO DISMISS