**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
CONOR TUCKER, State Bar No. 318075
ctucker@wsgr.com
1900 Avenue of the Stars, Suite 2800
Los Angeles, California 91356
Telephone: (424) 446-6900
Facsimile: (866) 974-7329

Attorney for Defendant YouTube LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TODD MICHAEL SCHULTZ

Plaintiff,

v.

MICHAEL C. THOMPSON et al.

Defendants.

Case No.: 2:23-cv-03452-JAK (MRWx)

**DEFENDANT YOUTUBE LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT**

Dept: Courtroom 10B
Judge: Hon. John A. Kronstadt
Date: September 11, 2023
Time: 8:30 am

## TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. PLAINTIFF MISUNDERSTANDS THE LAW OF SECTION 230 IMMUNITY. .......... 2

III. PLAINTIFF'S ATTEMPT TO AVOID DISMISSAL BY INVOKING CRIMINAL LAW FAILS. .......... 5

IV. PLAINTIFF CANNOT STATE A SUBSTANTIVE CLAIM. .......... 6

V. THE COURT SHOULD NOT GRANT PLAINTIFF LEAVE TO AMEND. .......... 6

VI. CONCLUSION .......... 7

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Barnes v. Yahoo!, Inc.*,
570 F.3d 1096 (9th Cir. 2009)....................3, 5

*Bride v. Snap Inc.*,
No. 2:21-cv-06680-FWS-MRW, 2023 WL 2016927 (C.D. Cal. Jan. 10, 2023)....................6

*Caraccioli v. Facebook, Inc.*,
167 F. Supp. 3d 1056 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017)....................7

*Carafano v. Metrosplash.com, Inc.*,
339 F.3d 1119 (9th Cir. 2003)....................5

*Cross v. Facebook, Inc.*,
14 Cal. App. 5th 190 (2017)....................2

*Enigma Software Grp. USA LLC v. Malwarebytes, Inc.*,
946 F.3d 1040 (9th Cir. 2019)....................3,5

*Fair Hous. Council v. Roommates.com LLC*,
521 F.3d 1157 (9th Cir. 2008) (en banc)....................1-3, 5, 7

*Gonzalez v. Google LLC*,
2 F.4th 871(9th Cir. 2021), *vacated on other grounds* 143 S. Ct. 1191 (2023)....................5-6

*Morton v. Twitter, Inc.*
No. CV 20-10434-GW-JEMx, 2021 WL 1181753 (C.D. Cal. Feb. 19, 2021)....................5

*Murphy v. Twitter*,
60 Cal. App. 5th 12 (2021)....................3, 4

*Sikhs for Just., Inc. v. Facebook, Inc.*,
697 F. App'x 526 (9th Cir. 2017)....6-7

*Stratton Oakmont, Inc. v. Prodigy Servs. Co.*,
Index. No. 31063/94, 1995 WL 323710 (N.Y. Sup. Ct. May 24, 1995)....4

*Viacom Int'l, Inc. v. YouTube, Inc.*,
940 F. Supp. 2d 110 (S.D.N.Y. 2013)....6

*Wells v. Youtube, LLC,*
No. 3:20-CV-2849-S-BH, 2021 WL 2652966 (N.D. Tex. May 17, 2021), *report and recommendation adopted sub nom.*, 2021 WL 2652514 (N.D. Tex. June 28, 2021)....7

*Yuksel v. Twitter, Inc.*
No. 22-cv-05415-TSH 2022 WL 16748612 (N.D. Cal. Nov. 7, 2022)....6

*Zeran v. Am. Online, Inc.*,
129 F.3d 327 (4th Cir. 1997)....4

**STATUTES**

17 U.S.C. § 512....6

**FEDERAL RULES**

Fed. R. Civ. P. 9....6

# YOUTUBE LLC'S REPLY BRIEF

## I. INTRODUCTION

Plaintiff's Opposition (ECF No. 64, "Opp'n") contains a wealth of incendiary allegations (*e.g.*, Opp'n at 5, 7, 8, 10), but Plaintiff's rhetoric (1) fails to address the clear precedent under which Section 230 bars his claim and (2) fails to explain how his Fourth Amended Complaint could otherwise state a claim. Indeed, the Opposition leaves no doubt that Plaintiff's alleged harms stem from content posted by or communicated from the Individual Defendants and that YouTube's sole involvement is as a publisher of that information.[1] Plaintiff says as much directly. He complains about the conduct of the Individual Defendants (Michael C. Thompson and Gregory R. Holmes) and seeks to "hold Youtube [*sic*] responsible for such activity" because of the "content" they posted on YouTube's platform. Opp'n at 8. The outcome Plaintiff desires is precisely what Section 230 prevents, as controlling precedent makes clear. Plaintiff's claims should be dismissed.

Further, Plaintiff should not be granted leave to amend. Plaintiff does not contest this point in the Opposition—which nowhere suggests how he might amend to cure the deficiencies identified by YouTube. Rather, he simply doubles down on his deficient allegations. It is clear that no viable allegations will ever be forthcoming. And Plaintiff's non-stop filings have made plain why dismissal with prejudice is necessary to vindicate Congress's purpose in enacting Section 230 "to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles." *Fair Hous. Council v. Roommates.com LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008) (en banc).

Whatever the merits of Plaintiff's claims against the Individual Defendants, his claims against YouTube must be dismissed without leave to amend.

---

[1] YouTube's Reply uses the abbreviations and naming conventions of its Memorandum of Points and Authorities in Support of its Motion to Dismiss (ECF No. 50, "YouTube Mot."), including that both Google LLC and YouTube LLC are referred to, for simplicity's sake, as "YouTube" here. *See* YouTube Mot. at 3 & n.1.

**II. PLAINTIFF MISUNDERSTANDS THE LAW OF SECTION 230 IMMUNITY.**

Plaintiff cannot avoid the Section 230 immunity that bars his claims against YouTube. His contention that Section 230 immunity is not "deserved" if "there [is] liability" (Opp'n at 5) is obviously wrong. It would render immunity meaningless, since it could be applied only after first determining that the claims could not proceed on the merits. Section 230 immunizes YouTube from suit based on its publication of third party content regardless of whether Plaintiff's allegations against the third parties have merit. While Plaintiff in fact does fail to state a claim against YouTube here, the Court need not reach that issue in light of Section 230.

If anything, Plaintiff's focus on the supposed merits of his claims underscores that this case is about YouTube's publication of *someone else's content*. Plaintiff complains about "the content Michael C. Thompson and Gregory R. Holms are participating in creating" and then explicitly seeks to "hold YouTube responsible for such activity" on its platform. Opp'n at 8. The questions he insists "must be answered prior to any dismissal" implicate the editorial function of deciding whether to remove content (or not)—and why. *See* Opp'n at 6-7. And his exhibits (*e.g.*, ECF No. 65), while not establishing anything about reports he allegedly made, merely underscore that his complaint is with the Individual Defendants' content. Even his fraud claim rests on third-party content: he argues that YouTube committed fraud when it did not "remove such content" posted by the Individual Defendants. Opp'n at 6.[2] Because all of his claims and allegations "boil down to deciding whether to

---

[2] Plaintiff incorrectly argues that YouTube "promised … to remove such content" in its Terms of Service. Opp'n at 6. It did not. California law makes clear that a platform's Terms of Service "place restrictions on user's behavior, they do not create affirmative obligations" for YouTube. *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 201 (2017) (citations and quotations omitted). Whether to remove content (or not) is left to YouTube's discretion. Tucker Decl. Ex. B (ECF No. 50.1) at 31; *see also Cross*, 14 Cal. App. 5th at 204 (analyzing "community standards" and finding the same). For the reasons explained in YouTube's Motion (and not contested in the (continued...)

exclude material that third parties seek to post online," YouTube is "perforce immune under section 230." *Roommates.com*, 521 F.3d at 1170-71.

The Ninth Circuit's resolution of the Oregon promissory estoppel claim in *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009), does not suggest otherwise. *Contra* Opp'n at 5-6. As the Ninth Circuit has since confirmed, exceptions to Section 230's broad scope must be "construed narrowly" to "advance the CDA's express policy of providing broad immunity" and avoid "creat[ing] a potential for new liability that would upset, rather than 'preserve' the vibrant culture of innovation on the internet that Congress envisioned." *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040, 1053 (9th Cir. 2019). The allegations here do not fall within the *Barnes* exception, whether broadly or narrowly construed.

As the California Court of Appeal recognized, that specific holding in *Barnes* involved "damages for breach of a specific personal promise made by an employee to ensure specific content was removed from Yahoo's website." *Murphy v. Twitter*, 60 Cal. App. 5th 12, 29 (2021). Yahoo's Director of Communications had called Barnes and told her that the specific profiles and videos Barnes had identified would be removed. *See Barnes*, 570 F.3d at 1098. That direct, personal promise was enough, under Oregon law, to state a claim for promissory estoppel that was *separate from* an editorial decision whether to remove content or not. *Id.* at 1106—1107. But Plaintiff alleges no such direct, personal promise, so his citation to *Barnes* is unavailing. Indeed, *Barnes* itself makes clear "that section 230(c)(1) bars" the very "negligent provision of services" claim Plaintiff puts forth here. *Id.* at 1105-06.[3]

---

Opposition), such Terms—as a matter of California law—are statements that cannot support a claim for justifiable reliance.

[3] *Barnes'* narrow promissory estoppel ruling is also of no use to Plaintiff because the Ninth Circuit there applied Oregon law. *Barnes*, 570 F.3d at 1106. Oregon law only requires "a promise" (*ibid.*) while California law—which would apply here—requires a "promise clear and unambiguous in its terms" (*Murphy*, 60 Cal.App.5th at 38). The statement at issue in *Barnes* would likely not have met that standard.

(continued...)

And as the California Court of Appeal recently explained, general statements in terms of service are not within the *Barnes* exception. Where, as here, the plaintiff sues based on how a platform "appl[ied] its general rules regarding what content it will publish," the claim cannot stand because: such decisions "reflect paradigmatic editorial decisions … that are protected by section 230." *Murphy,* 60 Cal.App.5th at 29 (citations and quotations omitted). Plaintiff's claim rests on either general statements in YouTube's policies or Plaintiff's own view of what kind of content ought to be allowed on YouTube. But either way (and as both *Barnes* and *Murphy* confirm), this is the kind of claim that has always been held to be barred by Section 230.

Congress made a policy choice to immunize platforms like YouTube from suit based on either their voluntary self-regulation (*i.e.*, YouTube's own content rules) or lack of self-regulation (*i.e.*, Plaintiff's notion of what ought to be allowed on the platform). It designed Section 230 to "remove the disincentives to self-regulation" that plagued the early internet. *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 331 (4th Cir. 1997). For instance, one early case found a bulletin board (an early precursor to online social networks) liable for defamation because it published an anonymous comment. *See ibid.* (discussing *Stratton Oakmont, Inc. v. Prodigy Servs. Co.*, 1995 WL 323710 (N.Y. Sup. Ct. May 24, 1995)). Those early cases found that any act of monitoring or editing the content of posts "cast the service provider in the role of a publisher"—and hence gave rise to potential liability. *Ibid.* Concerned that "the specter of liability would therefore deter service providers from blocking and screening offensive material, Congress enacted § 230's board immunity." *Ibid.* Absent immunity, the "specter of liability" would either lead to fewer platforms or complete lack of moderation—otherwise the defense of thousands of lawsuits would

---

But certainly no "clear and unambiguous" promise has been made by YouTube here. So even if every claim of promissory estoppel avoided Section 230 (they do not), Plaintiff cannot plead one under California law here.

make running a website uneconomical. Congress' decision has enabled the dynamic and innovative internet we have today. And its goal was accomplished through a broad rule that "any activity that can be boiled down to deciding whether to exclude material … is perforce immune." *Roommates.com*, 521 F.3d at 1170-1171.

Plaintiff disagrees with Congress' policy judgment and asks, instead, for a waiver of immunity to sue over allegedly harmful content others posted on YouTube. Applying Section 230 here is not a "misuse of the code," (*cf.* Opp'n at 8) but rather precisely what "the code" is intended for.

Plaintiff's citation to policy provisions (Section 230(a)-(b)) does not require otherwise. Indeed, the Ninth Circuit has addressed those provisions and consistently affirmed the breadth of Section 230 immunity. *See, e.g.*, *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1122-1123 (9th Cir. 2003) (canvassing subsections (a) and (b) and reaffirming "that § 230(c) provides broad immunity"); *Enigma*, 946 F.3d at 1053 (discussing subdivision (b)(2)); *Barnes*, 570 F.3d at 1099-1100 ("We have recognized in this declaration of statutory purpose [in Section 230(b)] two parallel goals. The statute is designed at once to promote the free exchange of information and ideas over the internet and to encourage voluntary monitoring for offensive or obscene material.") (quotation omitted); *see also Morton v. Twitter, Inc.* No. CV 20-10434-GW-JEMx, 2021 WL 1181753, at *2 (C.D. Cal. Feb. 19, 2021) (discussing Section 230(b)(1) and (2)).[4]

## III. PLAINTIFF'S ATTEMPT TO AVOID DISMISSAL BY INVOKING CRIMINAL LAW FAILS.

While Section 230(e) exempts the enforcement of Federal criminal statutes from the statutory immunity, it does not apply here. The exception "extends only to criminal prosecutions, and not to civil actions based on criminal statutes." *Gonzalez*

---

[4] Plaintiff's citation to Section 230(c)(2) is inapposite. YouTube's immunity arises under Section 230(c)(1) here. *See Barnes*, 570 F.3d at 1105 (subsection (c)(2) applies "not for publishing or speaking, but rather for actions taken to restrict access to obscene or otherwise objectionable content").

*v. Google LLC*, 2 F.4th 871, 890 (9th Cir. 2021), *vacated on other grounds* 143 S. Ct. 1191 (2023); *Yuksel v. Twitter, Inc.* No. 22-cv-05415-TSH, 2022 WL 16748612, at *5 (N.D. Cal. Nov. 7, 2022) (exception only applies to "criminal prosecutions" and "does not provide any exception from Section 230 immunity for civil claims premised upon federal criminal statutes").[5]

## IV. PLAINTIFF CANNOT STATE A SUBSTANTIVE CLAIM.

Immunity aside, the Opposition fails to address the myriad reasons, set forth in YouTube's motion, why the Fourth Amended Complaint fails to state a claim (*see generally* YouTube Mot. (ECF No. 50) at 14-17). Plaintiff does not discuss how YouTube's platform could be considered a "product" under California products liability law. *See id.* at 14-15. He makes no attempt to satisfy Rule 9(b)'s particularity requirement for a fraud claim. *See id.* at 16. And he provides no reasons to depart from controlling law that statements in YouTube's Terms of Service do not induce justifiable reliance as a matter of California law. *See id.* at 16-17. For those reasons, too, dismissal is necessary.

## V. THE COURT SHOULD NOT GRANT PLAINTIFF LEAVE TO AMEND.

Once a court decides that the plaintiff's "core theory" is barred by Section 230, that threshold determination of immunity means further amendment would be "futile." *Bride v. Snap Inc.*, No. 2:21-cv-06680-FWS-MRW, 2023 WL 2016927, at *8 (C.D. Cal. Jan. 10, 2023); *see also Sikhs for Justice, Inc. v. Facebook, Inc.*, 697 F. App'x 526 (9th Cir. 2017) (affirming district court's dismissal with prejudice

---

[5] Plaintiff's invocation of a supposed Section 230 exception for "intellectual property theft" (Opp'n at 11) fares no better. Plaintiff does not (and could not) plead a claim for "intellectual property theft" against YouTube. His case is about online bullying. Regardless, YouTube provides and follows a clear notice and takedown procedure for rights-holders and would therefore be entitled to immunity for any alleged copyright claims under the Digital Millennium Copyright Act Safe Harbor provisions. *See* 17 U.S.C. § 512(c), (i); *see e.g.*, *Viacom Int'l, Inc. v. YouTube, Inc.*, 940 F. Supp. 2d 110, 123 (S.D.N.Y. 2013) (Youtube is "protected by the § 512(c) safe harbor").

because granting plaintiff "leave to amend its complaint would have been futile" where plaintiff's claim was "barred by the CDA" under Section 230); *Caraccioli v. Facebook, Inc.,* 167 F. Supp. 3d 1056, 1067 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017) (dismissing claims against Facebook without leave to amend on the basis that they were barred under Section 230(c) as a matter of law); *Wells v. Youtube, LLC,* No. 3:20-CV-2849-S-BH, 2021 WL 2652966, at *5 n.6, 6 (N.D. Tex. May 17, 2021), *report and recommendation adopted sub nom*., 2021 WL 2652514 (N.D. Tex. June 28, 2021) (rejecting leave for pro se plaintiff to amend where "all of Plaintiff's claims in this suit are barred by immunity under § 230(c)" and therefore "no further opportunity to amend her claims against Defendant is warranted"). Plaintiff has had repeated opportunities to address the bar that Section 230 imposes and has not overcome it. Further amendments will not change that.

Moreover, denial of leave to amend is specifically required to uphold the spirit of Section 230. "[S]ection 230 must be interpreted to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles." *Roommates.com*, 521 F.3d at 1174-1175. Plaintiff's non-stop filings—even in the face of adverse rulings from the Court—and his escalatory rhetoric against YouTube underscores that allowing Plaintiff a fifth chance to amend his complaint would simply protract a fruitless legal battle and impose additional costs on YouTube.

## VI. CONCLUSION

YouTube respectfully requests that this Court grant its motion to dismiss Plaintiff's Fourth Amended Complaint as to YouTube, without leave to amend.

Respectfully submitted,

Dated: August 21, 2023

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Conor Tucker*
Conor Tucker
*Attorney for Defendant*
YOUTUBE LLC

**PROOF OF SERVICE**

The undersigned certifies that on August 21, 2023, the below-listed document was electronically filed via the court's CM/ECF system, which will serve counsel of record for all parties and Plaintiff proceeding *pro se*.

**DEFENDANT YOUTUBE LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT**

In addition, the above-listed document was transmitted via email as indicated below:

Todd Michael Schultz
818 N. Doheny Dr., #1108
West Hollywood, CA 90069
Toddschultz86@gmail.com

Mark D. Hurwitz
Levy, Small & Lallas
815 Moraga Dr.
Los Angeles, CA 90049
MHurwitz@lsl-la.com
*Counsel of Record for Defendants Michael C. Thompson and Gregory R. Holmes*

Dated: August 21, 2023

*/s/ Conor Tucker*

Conor Tucker