LEVY, SMALL & LALLAS
A Partnership Including Professional Corporations
TOM LALLAS (SBN 66512)
MARK D. HURWITZ (SBN 151159)
815 Moraga Drive
Los Angeles, California 90049-1633
Telephone: (310) 471-3000
Facsimile: (310) 471-7990
Email: tlallas@lsl-la.com
       mhurwitz@lsl-la.com

Attorneys for Defendants
MICHAEL C. THOMPSON and
GREGORY R. HOLMES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| TODD MICHAEL SCHULTZ<br><br>Plaintiff<br><br>v.<br><br>MICHAEL C. THOMPSON, GREGORY R. HOLMES, and YOUTUBE LLC<br><br>Defendants. | Case No. 2:23-CV-03452-JAK-MRWx<br><br>*[Hon. John A. Kronstadt]*<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Date:        September 11, 2023<br>Time:        8:30 a.m.<br>Courtroom:  10B<br>First Street Courthouse<br>350 West 1st Street<br>Los Angeles, CA 90012 |

1

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 5

I. INTRODUCTION ................................................................................. 5

II. THIS ACTION MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER MOVING PARTIES. ........................ 6

    A. Plaintiff Must Prove Facts Establishing That the Exercise of Personal Jurisdiction Comports with Due Process. .............................. 6

    B. Plaintiff Has Not Proved General Jurisdiction. ................................... 7

    C. Plaintiff Has Not Proved Specific Jurisdiction. ................................... 7

III. THIS ACTION MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION. ............................................................... 11

IV. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF ............. 12

V. CONCLUSION ................................................................................... 14

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

# TABLE OF AUTHORITIES

**CASES**

*Arpin v. Santa Clara Valley Transp. Agency*,
    261 F.3d 912, 925 (9th Cir. 2001) ................................................................. 13

*Beneficial National Bank v. Anderson*,
    539 U.S. 1, 123 S. Ct. 2058 (2003) ................................................................ 11

*Chagas v. United Airlines, Inc.*,
    No. LA CV19-03860 JAK (JCx), 2023 U.S. Dist. LEXIS 71465 (C.D. Cal. Feb. 17, 2023) ................................................................. 13

*Dish Network, LLC v. Jadoo TV, Inc.*,
    No. CV 18-9768 FMO (KSx), 2020 U.S. Dist. LEXIS 209819 (C.D. Cal. Mar. 16, 2020) ................................................................. 10

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001) ................................................................. 7, 10

*Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*,
    139 S. Ct. 881, 887 (2019) ................................................................. 12

*Handsome Music, LLC v. Etoro USA LLC*,
    No. LACV 20-08059-VAP (JCx), 2020 U.S. Dist. LEXIS 238942 (C.D. Cal. Dec. 17, 2020) ................................................................. 10

*Lee v. TV Chosun Corp.*,
    No. CV 22-0933 DSF (KSx), 2022 U.S. Dist. LEXIS 209775 (C.D. Cal. Nov. 18, 2022) ................................................................. 9

*McCluskey v. Hendricks*,
    No. 22-55124, 2023 U.S. App. LEXIS 11572 (9th Cir. May 11, 2023) ....... 13

*Morrill v. Scott Fin. Corp.*,
    873 F.3d 1136 (9th Cir. 2017) ................................................................. 6, 7, 8

*Negrete v. City of Oakland*,
    46 F.4th 811 (9th Cir. 2022) ................................................................. 12

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006) ................................................................. 7, 10

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) ................................................................. 11

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ................................................................. 10

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

*Thunder Studios, Inc. v. Kazal*,
    13 F.4th 736 (9th Cir. 2021)..................................................................................13

*Walden v. Fiore*,
    571 U.S. 277, 134 S. Ct. 1115 (2014)...................................................................8

*Werner v. Dowlatsingh*,
    818 F. App'x 671 (9th Cir. 2020).....................................................................9, 10

**STATUTES**

28 United States Code § 1331 ...............................................................................11

28 United States Code § 1746 ...............................................................................13

California Civil Code § 1708.7.........................................................................12, 13

**RULES**

Federal Rule of Civil Procedure 10 ........................................................................14

Federal Rule of Civil Procedure 12 ....................................................6, 11, 13, 14

Federal Rule of Civil Procedure 30 ........................................................................11

Federal Rule of Civil Procedure 8 ..........................................................................14

Federal Rule of Evidence 401 ................................................................................14

Federal Rule of Evidence 602 ................................................................................13

Federal Rule of Evidence 701 ................................................................................13

Federal Rule of Evidence 802 ................................................................................13

Federal Rule of Evidence 901 ................................................................................13

4

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Holmes and Thompson (collectively, "Moving Parties") are entitled to dismissal of this action because Plaintiff has failed to show that this Court has jurisdiction in this action.[1]  First, Plaintiff completely fails to carry his burden of proving facts establishing personal jurisdiction over Moving Parties. Ignoring the established law that Plaintiff's state of residence does not establish personal jurisdiction, Plaintiff relies on his California residency.  Plaintiff does not and cannot refute the evidence that Moving Parties lack minimum contacts with the State of California.  Indeed, Plaintiff's opposition is bereft of any admissible evidence. Instead, Plaintiff filed a memorandum comprising five pages of meandering arguments, accompanied by the inexplicable piecemeal submission of unauthenticated "exhibits" that (i) appear merely to be screen shots from online social media and (ii) are irrelevant to the personal jurisdiction issue.

Plaintiff also has not established subject matter jurisdiction. Having effectively conceded that he cannot show subject matter jurisdiction based on diversity of citizenship, Plaintiff merely asserts that he "believe[s] the court has decided to lodge this case under a Federal Question coding" [Opposition (Docket No. 66) p. 5] without identifying any federal question raised in his operative Fourth Amended Complaint ("Complaint").  Moving Parties accordingly are entitled to dismissal for lack of personal jurisdiction and/or lack of subject matter jurisdiction.

In any event, not only must the action be dismissed in the first instance, but Moving Parties cannot be compelled to respond to the Complaint. Rather than demonstrate that the Complaint states a claim for relief against Moving Parties, and

---

[1] Unless otherwise indicated, capitalized terms herein have the same meaning as in the moving papers for this motion [Docket No. 53].

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

without even citing to any supposedly pertinent portions of the Complaint, Plaintiff deploys various buzzwords that create even more confusion as to what, if any, claim for relief Plaintiff purports to allege. Plaintiff is required to show that the Complaint properly pleads the necessary elements of a claim for relief, and the submission of purported evidence in opposition to a motion under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) is improper. Even if the four unauthenticated, inadmissible and improper "series" of exhibits that Plaintiff submitted were considered, they appear to be no more than online social media banter and hardly the sort of material from which any reasonable person could discern a viable claim for relief, let alone any claim against Moving Parties. Not only must this action be dismissed for lack of jurisdiction, but the Complaint must be dismissed under FRCP 12(b)(6) for failure to state a claim. Since Plaintiff has not requested leave to amend, and has not shown he can amend his Complaint to state a claim, the Complaint must be dismissed without leave to amend.

## II. THIS ACTION MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER MOVING PARTIES.

### A. Plaintiff Must Prove Facts Establishing That the Exercise of Personal Jurisdiction Comports with Due Process.

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Morrill v. Scott Fin. Corp.,* 873 F.3d 1136, 1141 (9th Cir. 2017) (citation and internal quotations omitted). Moving Parties have already shown that they lack sufficient contacts with the State of California to support the exercise of personal jurisdiction over them in this action, whether based on general jurisdiction or specific jurisdiction. *See Morrill*, 873 F.3d at 1142. Since Plaintiff has not proved facts establishing personal jurisdiction over the Moving Parties, this motion must be granted.

### B. Plaintiff Has Not Proved General Jurisdiction.

Moving Parties are not subject to general personal jurisdiction in California. General jurisdiction exists when "the defendant's activities in the forum are substantial, continuous and systematic." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). As Plaintiff admits, both of the Moving Parties reside in Kentucky [Complaint, ¶¶ 6-7]. Neither of them has ever lived in or visited California or has substantial, continuous or systematic contacts with California [Thompson Decl. ¶¶ 3-8; Holmes Decl. ¶¶ 3-8]. Plaintiff has not attempted to prove otherwise.

### C. Plaintiff Has Not Proved Specific Jurisdiction.

Moving Parties also lack even minimum contacts with the State of California to support the exercise of specific jurisdiction under the applicable "three-part test" comprising (1) purposeful direction or availment, (2) relationship between claim and forum activities, and (3) reasonableness [*Morrill*, 873 F.3d at 1142]. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (citation omitted).

Plaintiff cannot prove specific jurisdiction because he has not satisfied the first requirement of "purposeful direction" or "purposeful availment." "Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum. Evidence of direction generally consists of action taking place outside the forum that is directed at the forum." *Pebble Beach Co.*, 453 F.3d at 1155 (citation omitted). No availment exists here because Moving Parties did not take any action in California, much less did they do anything to invoke the benefits and protections of California law [*see* Thompson Decl., ¶¶ 8-12; Holmes Decl., ¶¶ 8-10], and Plaintiff has not presented any evidence to the contrary.

Purposeful direction also does not exist here, regardless of Plaintiff's

7

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

Levy, Small & Lallas
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
815 MORAGA DRIVE
LOS ANGELES, CA 90049

residence in California.  "[A] defendant's relationship with a plaintiff …, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 286, 134 S. Ct. 1115, 1123 (2014).  Furthermore, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.*, 571 U.S. at 285, 134 S. Ct. at 1122. "[T]wo factors are considered in determining whether an action is expressly aimed at the forum state: [¶] (1) First, the relationship must arise out of contacts that the defendant *himself* creates with the forum State. … Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated. [¶] (2) Second, our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Morrill*, 873 F.3d at 1143 (citing *Walden*; italics in original).

Since the only link between California and the allegations against Moving Parties is Plaintiff's residence, Plaintiff has not proved and cannot prove that Moving Parties purposefully directed any activity toward California. The Complaint does not allege a single act that either of the Moving Parties committed in, or directed to, the State of California that is pertinent to this action. The purported evidence that Plaintiff submitted in support of his Opposition [Exs. AA, BA, CA and DA (Docket Nos. 66-1, 68)] ("Plaintiff's Exhibits"), which appears to be nothing more than screenshots of material posted online, is not evidence of any conduct of Moving Parties that was committed in, or directed to, California.

As the Declarations of Thompson and Holmes accompanying this motion confirm, Moving Parties did not engage in any activity directed toward California. All of Moving Parties' activities for YouTube channels are conducted in Kentucky. Moving Parties have never contacted anyone in California to obtain material for

8

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

any of those channels. No material on those channels is directed at or specifically marketed to California.[2] Moving Parties have no control over advertisements on those channels, and Moving Parties do not conduct any promotions or advertisements in, or directed to, California. Moving Parties do not know and cannot control where in the world any subscribers to those channels or viewers of content on those channels (who typically number in the hundreds)[3] may be located. [Thompson Decl. ¶ 9; Holmes Decl. ¶ 9.]

Although Plaintiff cites Moving Parties' alleged activity on YouTube, which is based in California, ample case law confirms that a defendant's posting of material on YouTube is not a California contact that subjects the defendant to specific jurisdiction in California. In *Werner v. Dowlatsingh*, 818 F. App'x 671, 672 (9th Cir. 2020), the Court of Appeals held that a Toronto defendant who uploaded material to YouTube was not subject to specific jurisdiction in California. "Uploading a video to YouTube—which has its headquarters in San Bruno, California—is not an act expressly aimed at California simply because the company is based in the state." *Werner*, 818 F. App'x at 672 n.1. In *Lee v. TV Chosun Corp.*, No. CV 22-0933 DSF (KSx), 2022 U.S. Dist. LEXIS 209775, at *11-12 (C.D. Cal. Nov. 18, 2022), the Court found that specific jurisdiction did not exist over Korean defendants who uploaded to YouTube material for which a California resident held the copyrights, despite the alleged large population of Koreans in California who watched defendants' online content. The Court in *Dish*

---

[2] Plaintiff's reference to the alleged use of the term "Hollywood" in the name of one channel is immaterial. Plaintiff has not cited any law that an out of state business that includes in its name the term "California" or a city therein would be subject to jurisdiction in California, any more so than, for instance, a California business called "New York Pizza" would be subject to jurisdiction in New York.

[3] Although Plaintiff's Exhibits are irrelevant and inadmissible, on their face they confirm the limited viewership of the purported online material depicted therein.

9
**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

*Network, LLC v. Jadoo TV, Inc.*, No. CV 18-9768 FMO (KSx), 2020 U.S. Dist. LEXIS 209819, at *25 (C.D. Cal. Mar. 16, 2020) expressly rejected the exercise of personal jurisdiction in California over "internet users whose only 'contact' with California was posting content on YouTube," as that would constitute "an impermissibly broad reading of the 'express aiming' requirement." The *Dish Network* Court further noted that it "joins several other courts in rejecting" the defendant's alleged use of YouTube as basis "for finding that he expressly aimed his conduct at California." *Id.*, 2020 U.S. Dist. LEXIS 209819 at *25-26. *See also Handsome Music, LLC v. Etoro USA LLC*, No. LACV 20-08059-VAP (JCx), 2020 U.S. Dist. LEXIS 238942, at *32-33 (C.D. Cal. Dec. 17, 2020) (alleged posting of copyrighted video on YouTube did not support specific jurisdiction in California).

Plaintiff thus cannot prove that Moving Parties purposefully directed activities toward the State of California, notwithstanding Plaintiff's California residence. *See, e.g., Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 807 (9th Cir. 2004); *Pebble Beach Co.*, 453 F.3d at 1158. Since Plaintiff cannot satisfy the first prong of the three-part test, this motion must be granted.

Plaintiff also cannot satisfy the second prong because he has not shown and cannot show that his claim (whatever it may be) arises out of or relates to the Moving Parties' California-related activities. "To determine whether a claim arises out of forum-related activities, courts apply a 'but for' test" and "considers whether plaintiffs' claims would have arisen but for [defendant's] contacts with California." *Doe v. Unocal Corp.*, 248 F.3d at 924 (citation omitted). The online activity on which Plaintiff bases his claims was conducted outside of California and does not depend on any contacts between the Moving Parties and California. As discussed above, alleged use of YouTube does not subject Moving Parties to personal jurisdiction in California. *See, e.g., Werner*, 818 F. App'x at 672 n.1. There is no evidence of any California activity by Moving Parties that gave rise to the alleged

10

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

claims, nor do those claims depend on Plaintiff's presence in California.[4] Whatever alleged harm Plaintiff asserts could have purportedly occurred in any state (or country) in which Plaintiff resided. *See Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015).[5] Plaintiff has not carried his burden of proving facts sufficient to support personal jurisdiction, and this action must be dismissed pursuant to Moving Parties' motion under FRCP 12(b)(2).

### III. THIS ACTION MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

The motion under FRCP 12(b)(1) also must be granted because the Complaint does not state a basis for subject matter jurisdiction in this Court, and Plaintiff's Opposition does not show otherwise. To determine whether federal question jurisdiction exists pursuant to 28 United States Code Section 1331, the Court examines the Complaint but ignores potential defenses. *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003) (citations omitted). Neither the Complaint nor Plaintiff's Opposition shows that there is any federal law under which Plaintiff asserts his claims. Plaintiff merely asserts that he "believe[s] the court has decided to lodge this case under a Federal Question

---

[4] The supposed "deposition" that Plaintiff apparently seeks to file (*see* Docket Nos. 73 and 75), but has not been filed or approved for filing, must be disregarded. Not only is such discovery premature, but (a) Plaintiff's deadline to submit opposition papers has passed and any filing of the "deposition" now is untimely, (b) there was no notice to Defendants of this "deposition" under FRCP 30(b) before it may have been taken, (c) there is no indication that the "deposition" otherwise was taken in accordance with FRCP 30(b), and (d) since Plaintiff has not shown that the "deposition" yielded any admissible evidence relevant to the personal jurisdiction issue, there is no basis for it to be considered with respect to this motion.

[5] Although unnecessary to this motion, Moving Parties submit that the exercise of personal jurisdiction over them in California, which they have never even visited, would be unreasonable [Thompson Decl. ¶ 13; Holmes Decl. ¶ 11], and Plaintiff has not submitted any evidence to the contrary.

11
**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

coding" [Opposition (Docket No. 66) p. 5].[6] Plaintiff cannot base subject matter jurisdiction on anticipation that a defendant might assert a federal law defense. *Negrete v. City of Oakland*, 46 F.4th 811, 819-820 (9th Cir. 2022). Thus, no federal question exists, regardless of YouTube's asserted defense. Since Plaintiff concedes that subject matter jurisdiction based on diversity of citizenship does not exist [Opposition (Docket No. 66) p. 5], this action must be dismissed forthwith.

### IV. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

Although in the first instance this action must be dismissed on jurisdictional grounds, the Complaint must be dismissed without leave to amend because (a) it fails to state a claim against Moving Parties upon which relief may be granted and (b) Plaintiff has stated he does not seek to amend [Hurwitz Decl., ¶ 2], has not requested leave to amend, and has not shown that he can amend the Complaint (which itself was Plaintiff's fourth amendment) to state a claim.

While the Complaint and the Opposition are replete with scattershot and hyperbolic accusations against Moving Parties, there is not a single clearly delineated claim for relief alleged against either of the Moving Parties. Even in his Opposition, which is strewn with terms such as "stalking," "assault," "sabotage," "defamation" and "copyright," Plaintiff has not identified where in his Complaint he alleged all of the necessary elements of *any* particular claim for relief.[7]

---

[6] Although Plaintiff's Opposition refers to "copyright theft," "copyright infringement" and "copyright violation," neither the Complaint nor the Opposition cites any federal copyright law or statute as the basis for any claim. In any event, Plaintiff cannot sue for copyright infringement because he has neither alleged nor shown that he registered any copyright that he claims was infringed. *See Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) ("registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights").

[7] As noted above, Plaintiff cannot sue for copyright infringement. *See Fourth Estate*, 139 S. Ct. at 887. Furthermore, Plaintiff has not shown that the Complaint states the elements of a claim for "stalking" under California Civil Code section 1708.7, which include a "credible threat" and Plaintiff's "reasonable fear for [his]

Plaintiff's Exhibits are inadmissible and must be disregarded. First, evidence outside of a complaint is not to be considered on a motion to dismiss under FRCP 12(b)(6) for failure to state a claim. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Even if such evidence could be considered, Plaintiff's Exhibits are patently inadmissible. Plaintiff has not submitted a declaration under penalty of perjury under 28 United States Code Section 1746, or any other evidence, to authenticate Plaintiff's Exhibits. *See* Federal Rule of Evidence ("FRE") 901. Plaintiff also has not submitted any evidence demonstrating what, if any, of the content in Plaintiff's Exhibits was posted by Moving Parties. If he asserts that all of the content, which appears under various names, somehow belongs to Moving Parties, he has not done so in a declaration under penalty of perjury [28 U.S. Code § 1746], has not established personal knowledge that Moving Parties posted the material [FRE 602], and is merely expressing an improper opinion [FRE 701]. On their face, Plaintiff's Exhibits constitute inadmissible hearsay [FRE 802]. Since Plaintiff's Exhibits do not speak to the issues discussed above concerning personal jurisdiction, and there is no other component of this motion on which external evidence is to be

---

safety." *McCluskey v. Hendricks,* No. 22-55124, 2023 U.S. App. LEXIS 11572, at *3 (9th Cir. May 11, 2023). A stalking claim cannot be based on, and the stalking statute cannot be construed to impair, "any constitutionally protected activity, including, but not limited to, speech" [Cal. Civil Code § 1708.7(b)(1), (f)]. *See, e.g.*, *Thunder Studios, Inc. v. Kazal*, 13 F.4th 736, 743, 745, 747 (9th Cir. 2021) ("intemperate and rancorous" speech and threats to "expose" plaintiff not actionable as stalking). Plaintiff also has not shown that the Complaint states a claim for defamation, which requires a publication that, among other things, is "false" and "has a natural tendency to injure or that causes special damage." *Chagas v. United Airlines, Inc.*, No. LA CV19-03860 JAK (JCx), 2023 U.S. Dist. LEXIS 71465, at *13 (C.D. Cal. Feb. 17, 2023) (citation omitted). Plaintiff's Exhibits, which at any rate are inadmissible and are not to be considered on a motion under FRCP 12(b)(6), do nothing to show that Plaintiff could allege any of these claims, and Plaintiff does not seek or intend to amend his Complaint.

13
**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

considered, Plaintiff's Exhibits are entirely irrelevant [FRE 401] and inadmissible.[8]

Aside from the inadmissibility of Plaintiff's Exhibits, Plaintiff's Complaint does not comply with applicable pleading rules. *See, e.g.*, FRCP 8(a)(2) ("short and plain statement of the claim"), FRCP 8(d)(1) (each allegation "must be simple, concise, and direct"), FRCP 10(b) (separate counts).  Since the Complaint does not delineate any specific count or claim for relief against either of the Moving Parties, it cannot be said that Plaintiff has adequately alleged the required elements of *any* alleged claim for relief against either of the Moving Parties.  Accordingly, if for any reason the Court does not dismiss this action as against Moving Parties for lack of jurisdiction, the Complaint must be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim.  Since Plaintiff insisted he would not amend his Complaint [Hurwitz Decl., ¶ 2], the dismissal should be without leave to amend.

## V. CONCLUSION

For the foregoing reasons, and for the reasons set forth in their moving papers, Moving Parties respectfully request that the Court dismiss this action as to Moving Parties for lack of personal jurisdiction and/or lack of subject matter jurisdiction.  In the alternative, Moving Parties respectfully request that the Court dismiss the Complaint, without leave to amend, for failure to state a claim.

DATED:  August 21, 2023                                     LEVY, SMALL & LALLAS

By: _____*Mark Hurwitz*_____
MARK D. HURWITZ
Attorneys for Defendants
Michael C. Thompson and
Gregory R. Holmes

---

[8] As noted above, the supposed "deposition," if filed, must be ignored.

14
**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**

# PROOF OF SERVICE
*Todd Michael Schultz vs. Michael C. Thompson, et al.*

**U.S. District Court – Central District, Case No. 2:23-CV-03452-JAK-MRWx**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 815 Moraga Drive, Los Angeles, California 90049.

On August 21, 2023, I served the foregoing document described as: **REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** on all interested parties in this action ☒ by placing a true copy ☐ by placing true copies thereof enclosed in sealed envelopes addressed as shown on the below service/mailing list in the manner indicated below:

☒ **(BY SERVICE OF COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"))** Pursuant to controlling General Order(s), the foregoing document will be served by the Court via NEF and hyperlink to the document. I checked the CM/ECF docket for this action and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below.

Todd Michael Schultz   *Plaintiff in propria persona*
818 N. Doheny Drive, #1108
West Hollywood, CA 90069
toddschultz86@gmail.com

Conor Tucker, Esq.   *Attorneys for YouTube LLC*
Wilson Sonsini Goodrich & Rosati
1900 Avenue of the Stars, Suite 2800
Los Angeles, California 91356
ctucker@wsgr.com

☒ (**FEDERAL**) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 21, 2023, at Los Angeles, California.

*/s/Mark D. Hurwitz*
Mark D. Hurwitz

15
**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL C. THOMPSON AND GREGORY R. HOLMES TO DISMISS**