TODD MICHAEL SCHULTZ
818 N DOHENY DR. #1108
WEST HOLLYWOOD, CA 90069
310-435-5847

TODDSCHULTZ86@GMAIL.COM

In Pro Per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

PLAINTIFF

TODD MICHAEL SCHULTZ
   v.
DEFENDANTS
  MICHAEL C. THOMPSON
  GREGORY R. HOLMES
  YOUTUBE LLC

Case No: 2:23-cv-03452-JAK-MRWx

**REPLY IN SUPPORT OF OPPOSITION OF DISMISSAL BY YOUTUBE LLC, MICHAEL C. THOMPSON AND GREGORY R. HOLMES**

Jury Trial Demanded: YES

    1. PLAINTIFF TODD MICHAEL SCHULTZ, in Pro Per, submits the following brief in opposition to the MOTION TO DISMISS from parties:

    **a) Michael C. Thompson ("Thompson")**

    **b) Gregrory R. Holmes ("Holmes")**

    **c) YouTube LLC ("Youtube")**

1

REPLY BRIEF IN OPPOSITION TO DISMISS

2. This court does have jurisdiction in this action under 28:1331 Federal Question, which is the CAUSE as listed on PacerMonitor. This should render any issue of "diversity of citizenship" moot. Plaintiff does not rely on his California residency, but his United States residency in order to bring a federal question up for adjudication. It is also a lie that Holmes and Thompson lack contacts in California. Some of the contacts they are known to have include: Robyn Eaglesong of Los Angeles, Drew Fortune of Los Angeles and Plaintiff. Also, YouTube does invoke California as its underlying legal hemisphere. That would constitute enough contacts. The defendants made over 1000 videos using Plaintiff's copyrighted content, though not all registered, all belonging to Plaintiff. That is theft of Plaintiff material, who is the victim in California, therefore constituting Holmes' and Thompson's relationship to California.

3. Youtube's counsel has now said several times that Youtube does not have to adhere to its Community Guidelines or Terms of Service unless it deems it necessary. One would reasonably assume that that is unreasonable. They must have a duty to uphold their Community Guidelines and Terms of Service with reasonableness or it is likely they are committing fraud. They profit off of being a "safer seeming" platform with "reporting" actions that may be taken in case there is content deemed in violation of their policies. They have an absolute duty to

2

REPLY BRIEF IN OPPOSITION TO DISMISS

utilize their regulatory systems and to keep their users safe to the best of their abilities or they are committing fraud.

4. Youtube's counsel is wrong. Even under §230, they are responsible for good faith moderation of their website. They can also be held liable for fraud, deceptive pratices, or otherwise analogous civil torts where criminal laws are and were violated. **IN BARNES V. YAHOO (570 F.3d 1096), YAHOO SUSTAINED LIABILITY UNDER PROMISSORY ESTOPPEL WHILE YAHOO! ALSO RECEIVED SOME SECTION 230 IMMUNITIES. IT CAN THEREFORE BE SAID, THAT EVEN WERE YOUTUBE TO HAVE SOME 230 IMMUNITIES, IT'S QUITE POSSIBLE THEY ARE LIABLE ELSEWHERE.**

5. §230 does immunize them from copyright theft (§230(e)(2)). I told them in my "Cyberharrassment" channel reports, which they don't keep available to users – keep in mind, that this is in the context that they have many data points, including specific video reports, liked videos, comments made, livechat comments made, etc in their backlog of reporting. Channel Reports are frankly oddly missing.

6. Looking at the AA exhibit series, it's clear that a channel has been created to harm, cause alarm, defame and otherwise distress Plaintiff. Did Thompson and Holmes create these websites and participate them so as to create trouble and harm

to Plaintiff: Yes. Have they denied it thus far? No. Must they: They must explain or answer the complaint before a due process can be said to have been had by Plaintiff.

7. Channel reports are the most overt and apt way, one would assume based on the interface of Youtube, to report a channel that is dedicated to harassing you. It was the most apt way for Plaintiff to have addressed cyberharassment and copyright issues in one report. Both issues were ignored.. And the duress became very obvious and was very public. And very uploaded to YouTube over many months by Thompson in clips - stolen from Plaintiff - and by Plaintiff attempting to get somebody to hear his cries. The videos are likely available in Thompson's hands, and it would seem probable that even the livestreams Plaintiff has deleted would be easily recoverable upon discovery or request for judicial review.

8. No party has even remotely attempted to answer for what happened. Evasiveness, confusing and also non-sensical efforts have been put forth by both counsels. Youtube's counsel's filings read like confessions. This is my personal opinion and I believe if we parsed the language, we would see that they are attempting to have zero accountability for the content on their site. That's not a possibility. If you are running a business as an Internet Service Provider such as YouTube, you do have some liabilities insofar as making sure the content is above

board, or legal. If you flippantly ignore it for months and years, then you incur liability, legally.

9. A faulty reporting system would yield negligence, fraud and likely failure to warn liabilities. None of the case law used by Youtube's counsel in particular, matches the allegations made in this matter. Youtube's counsel, Mr. Tucker, actually seems to intimate that YouTube acts MORE like a publisher now than ever. Perhaps he's seeding a point – which has nothing to do with whether or not their reporting system was faulty, or otherwise not working – section 230 doesn't relate to that issue at all. By seeding a point, I mean, he's trying to trap Plaintiff's claims under the guise or umbrella of Plaintiff calling them a "Publisher" which would theoretically – though not in actuality per my understanding of the various violations at play in this matter – immunize them from this suit under §230.

10. Plaintiff is not suing Youtube as the speaker or publisher. Plaintiff is suing Youtube for its role as Internet Service Provider committing fraud, making their website appear safer than it was and leading me to believe I could report something if it was harmful. These constitute mistruths or very large mistakes, for which liability incurs.

11. Plaintiff sustained a lot of damage. Plaintiff was forced into a Drug Rehab because no one could understand the details of Thompson and Holmes'

plan, which included actively attempting to make Plaintiff look "crazy". I have witness testimony. It's documented with screenshots and the like. I have many videos that support this conclusion. Many.

13. Plaintiff is certainly hurting, but that is neither here nor there. It simply does further demonstrate characteristics of Youtube, Holmes and Thompson. The latter two have not even denied anything, and I do not believe any of their briefings or filings constitute grounds for dismissal. I was brief in my initial reply, because I did not feel it was necessary to counter Counsel Hurwitz' brief.

14. Mr. Tucker represents the largest company in the world. At least one of them. If the largest company in the world has no legal obligation to uphold its Terms of Service or Community Guidelines, then does anybody?

15. On page 56 of 61 in document # 50-1, YouTube cites, in it's own "Harassment and cyberbullying policies" that "Accounts dedicated entirely to focusing on a maliciously insulting an identifiable individual are "NOT ALLOWED" on YouTube. Thompson violates nearly every rule that is listed under "examples" of cyberbullying per YouTube's own policy.

16. On page 57 of 61 in Document 50-1, in their Harassment and Cyberbullying policies, Youtube states "If your content violates this policy, we'll remove the content and send you an email to let you know.

6

REPLY BRIEF IN OPPOSITION TO DISMISS

17.  Further, Mr. Tucker talks about a "protracted legal battle." Why would there be a protracted legal battle? Because of Google and Youtube's unwillingness to be forthcoming at all. Plaintiff is an open book and will respond to requests for information quickly as is possible. A successful dismissal should cover all allegations and why defendant is immune under every allegation. The breadth of 230 as painted by Mr. Tucker is simply not reality, whether or not Mr. Tucker wants to continue to insinuate it is.

18. Protracted legal battles generally involve dishonest actors. Bad actors. Plaintiff is willing to state everything that happened within a sharp degree of accuracy. Youtube will not even answer if they received my Channel Reports or any reports about Mr. Thompson. The withholding of such information is the basis for protracted legal battles, is it not?

19.  A lawsuit is a question demanding an answer. Dismissal can answer the question from time to time. But it must be clear, clean and above board. Immunities were not made to shield Youtube from liability for actively allowing harassing content (quite the opposite). They are meant to protect platforms like Youtube from incurring liability from something that "pops up" on their site, that was allowed through their UGC controls. An ongoingness incurs liability even under Section 230.

7

REPLY BRIEF IN OPPOSITION TO DISMISS

20. Plaintiff seeks to have all Motions to Dismiss, denied for these reasons.

## CONCLUSION AND SUMMARY

**Injury and Harm:**

- The plaintiff, a California resident, suffered emotional, reputational, and monetary damages from the alleged misuse of his copyrighted livestream content and Youtube's failure to stop harassing/defamatory videos. This establishes a concrete injury traceable to the defendants' actions.

**Right of Action:**

- Copyright infringement gives plaintiff a cause of action under federal law, assuming he can show ownership, which he can, of the livestream content and unauthorized use by defendants.
- Negligence or failure to warn could potentially be argued under California law based on the allegedly faulty reporting system.

**Immunity Defenses:**

- Section 230(e)(2) immunity has exceptions for federal crimes like copyright infringement that may apply here. The plaintiff could argue the immunity does not shield knowing theft of copyrighted content.
- If the reporting system was essentially non-functional, Plaintiff rebuts Youtube's supposed 230 immunity.

Dated August 22, 2023                    Signed by

                                         Todd Michael Schultz

                                         In Pro Per

OPPOSING COUNSEL FOR HOLMES AND THOMPSON:

Mark D Hurwitz

Mark D. Hurwitz

Levy, Small & Lallas

815 Moraga Drive

Los Angeles, California 90049

Tel: 310-471-3000 Fax: 310-471-7990

Email: MHurwitz@lsl-la.com

narutunyan@lsl-la.com

OPPOSING COUNSEL FOR YOUTUBE

Conor Denali Tucker

**Conor Tucker (he/him) | Wilson Sonsini Goodrich & Rosati**

1900 Avenue of the Stars, Suite 2800 | Los Angeles, CA 90067 | direct: (424) 446-6925 | ctucker@wsgr.com

ctucker@wsgr.com, shannon.hill@wsgr.com