# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD MICHAEL SCHULTZ, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL C. THOMPSON, et al., <br><br> Defendants. | No. 2:23-cv-03452-JAK (MRWx) <br><br> **ORDER RE MOTION FOR SANCTIONS (DKT. 67)** |

1

Based on a review of the Motion for Sanctions (the "Motion" (Dkt. 67)), insufficient good cause has been shown for the requested relief. Therefore, the Motion is **DENIED**.

Plaintiff alleges that Thomson and YouTube have violated the fair use doctrine by, respecitvely, requesting the removal of, and removing one of Plaintiff's YouTube videos. Plaintiff cites 17 U.S.C. § 107. However, this statute only provides that certain ues of a copyrighted work are "not an infringement of copyright." 17 U.S.C. § 107. This statute does not require YouTube to publish material created by Plaintiff, nor does it limit the right of another person to request the removal of the material.

Consequently, there is no basis for the motion for sanctions. "Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). As with the other sources of authority, the court's inherent power is to be exercised "in response to abusive litigation practices," rather than conduct between the parties that takes place outside the litigation context. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980).

Plaintiff argues that Thompson and YouTube have conspired to suppress evidence. However, Plaintiff states that the video contains his arguments about the prior conduct of the Defendants. The arguments of a party are not evidence of the conduct of other parties; Plaintiff can make those arguments at the appropriate time with or without this video. In addition, Plaintiff has only provided evidence that his video is no longer available to the public or through his account. He has not provided evidence that the video has been destroyed.

This is Plaintiff's third improper motion for sanctions against one or more of the Defendants. Plaintiff is ordered not to file any further motion of this nature. Doing so may result in the imposition of monetary and/or other sanctions.

**IT IS SO ORDERED.**

Dated:  August 23, 2023

John A. Kronstadt
United States District Judge