TODD MICHAEL SCHULTZ

818 N DOHENY DR. #1108

WEST HOLLYWOOD, CA 90069

310-435-5847

TODDSCHULTZ86@GMAIL.COM

In Pro Per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

PLAINTIFF

  TODD MICHAEL SCHULTZ

   vs.

DEFENDANTS

  MICHAEL C. THOMPSON
  GREGORY R. HOLMES
  YOUTUBE LLC

Case No: 2:23-cv-03452-JAK-MRWx

MOTION TO ESTABLISH JURISDICTION AND FOR LEAVE TO AMEND COMPLAINT AS PRO SE LITIGANT

Jury Trial Demanded: YES

    Plaintiff respectfully submits this Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to Amend Complaint.

## I. Introduction

The court should grant Plaintiff's motion for leave to amend complaint because Plaintiff meets the requirements under Fed R. Ci. P 15(a)(2) and because Plaintiff is a pro se litigant.

## II. PROCEDURAL HISTORY

Plaintiff filed an original complaint against defendant on May 5th 2023.

Plaintiff filed amended complaints on the following dates:

a) Plaintiff filed First Amended Complaint on Monday May 15th, 2023.

b) Plaintiff filed Second Amended Complaint on June 5th, 2023.

c) Plaintiff filed Third Amended Complaint on June 26th, 2023.

d) Plaintiff filed Fourth Amended Complaint on Monday July 17, 2023.

Defendants filed responsive pleadings as follows:

a) Both Counsel, Mr. Hurwitz and Mr. Tucker filed notice and motion to dismiss for Lack of Jursidiction on Monday July 31, 2023. Mr Hurwitz also filed a motion for a more definite statement on the same day.

b) Both Counsel filed Replies in support of aforementioned motions on August 21st, 2023.

## III. ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "the court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court has the discretion to decide whether to grant Plaintiff leave to amend. *See Swanson v U.S. Forest Serv.*, 87 F. 3d 339, 344 (9th Cir. 1996); *Jordan v County of Los Angeles, 669 F 2d 1311, 1324 (9th Cir. 1982) vacated on other grounds,* 459 U.S. 810 (1982). In its exercised of this discretion where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Bowles v. Reade*, 198 F. 3d 752, 758 (9th Cir. 1999).

In this case plaintiff's amendment will not unduly prejudice defendant because claims being iterated in the forthcoming amended complaint are established law and do not require a nuance of opinion, at least where the actual and statutory damages are concerned, which result as an outcome of copyright infringement, which is in the courts jurisdiction to oversee.

Plaintiff did not file the amendment with undue delay. Rather, Plaintiff filed the amendment in the following fashion: Plaintiff came away from the hearing on Sept 11th intent on establishing jurisdiction in the federal court were it abided by established law and precedent and not otherwise. Plaintiff continued to work and study the law and the matter at hand, which is complex and multifaceted, until he came upon the truth of the matter, which is that there is a copyright infringement of

Live Broadcasted content – content which requires no registration prior to filing of a lawsuit - case and Plaintiff has enough registration to support this as significant enough to provide partial summary judgment in plaintiff's favor from all parties – Thompson and Holmes were notorious copyright infringers - as well as other material evidence to demonstrate the violation took place with a time period requiring statutory and actual damages as it constituted a new volume of an otherwise defamatory and cruel "series" created using plaintiff's currently registered work ("This Old Hotel", PA 2-421-779, published in May of 2023 and registration became effective on July 13th of 2023).

    Plaintiff does not request leave to amend in bad faith or for dilatory reasons. Rather, Plaintiff requests leave to amend for the following reasons: it has become clear that copyright infringement is provable with supporting registration, previous supreme court rulings on live broadcasts as they relate to lawsuits and registration, their nature int his matter and the likelihood plaintiff is within his rights to receive statutory and other damages incurred by the violation of such infringements for many reasons currently unestablished in the ongoing complaint (which is permitted by the supreme courts ruling regarding Live Broadcasts).

    Plaintiff's amendment is not futile because it is support by evidence, registration number, and YouTube's reporting log and screenshots. Additionally, The Supreme Court gives two statutory exceptions in the case of copyright

infringement lawsuits initiated prior to registration under §411(c). Court must allow for discretion of a lawsuit drawn up by plaintiff in 2021, sent to the northern district, and never followed up on as well as the Supreme Court's decision that "The second exception concerns live broadcasts, and allows a copyright owner to sue for infringement before the live broadcast has been registered with the Copyright Office. (Slip Op. at 4)." Nearly every instance of infringement is of a live broadcast, which means I can still register the content – still within the three year statute before a judgement or verdict is rendered, as I have been entitled to all this time. As a pro se litigant, that should give and grant me the leeway to take care of registration over 2 weeks upon ORDER FROM A JUDGE, (though it could be argued, all violations within the three year statute should be respected for actionable damages and likely statutory damages considering the supreme courts ruling regarding live broadcasts. Let it be considered that actionable damages constituted a core aspect of 4AC, provided that registration falls within the three year statute of limitations, leaving plaintiff several months to register the works as they are entirely live broadcasts.

    Plaintiff amended the complaint previously under the following circumstances: Plaintiff attempted to construct a well written, detailed and diligent complaint to the best of his abilities and would prefer to register as much live

MOTION FOR LEAVE TO AMEND COMPLAINT AS A PRO SE LITIGANT

broadcast content that has been violated, before submitting a 5th Amended Complaint so as to simplify for the courts adjudication of a what amounts to registered copyright infringement with malicious and willful intent.

Plaintiff reiterates Thompson is a prolific violator per both the law and the ToS of YouTube LLC. The registration number (PA 2-421-779 named "This Old Hotel by Author "Todd Michael Schultz" (aka plaintiff) for what must be factored into a judgment even now. "This Old Hotel", published by Thompson without permission from the owner, plaintiff, in May 2023 under the name "The Methclown Diaries!!! (The Entire Saga!!!): A new interpretation, iteration and/ or volume of previously published content – published by Thompson and Holmes in May of 2023. An attempt was made to secure the copyright for all of plaintiff's livestream on the same submission. Plaintiff was informed it was not viable, and consumed with this case. Thus plaintiff, outright owner of stated violated content per July 13, 2023, is certainly entitled to consideration of willful infringement of aforementioned copyright infringement statutory, actionable, and special damages constituted by the intent of defendant, which was malicious as best and designed to kill plaintiff as worst. This is a non-exhaustive but imperative amendment that must be made in order to insure justice is served expediently.

**B. Plaintiff Is A Pro Se Litigant and Should Be Granted Leave to Amend**

Courts give special consideration to pro se litigants requesting leave to amend a complaint. "Courts are particularly reluctant to deny leave to amend to pro litigants." *Flowers v. First Hawaiian Bank,* 295 F 3d 966, 976 (9th Cir. 2002). In particular, "unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaints and deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dept of Corrections, 66 F. 3d 245, 248 (9th Cir. 1995). Plaintiff also believes discriminatory practices might be worth addressing in an amended complaint toward those with mental illness as well as other protected classes.

## IV. CONCLUSION

Based on the above reasons, this court should grant Plaintiff's motion.

## V. OPPOSING COUNSEL

Mark Hurwitz claims to be non responsive until the 26th, though Mr. Hurwitz did ask for a more actionable claim in his prior motion which plaintiff intends to provide.

Mr. Tucker claims that his client, YouTube LLC oppose without other comment.

Dated: Thursday September 21st, 2023        By Todd Michael Schultz

Plaintiff In Pro Per