UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-03452 JAK (MRWx) | Date | October 5, 2023 |
| Title | Todd Michael Schultz v. Michael Christopher Thompson, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson-Terrell | None |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT YOUTUBE LLC'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT (DKT. 50);

DEFENDANTS MICHAEL C. THOMPSON AND GREGORY HOLMES' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT (DKT. 53); AND

MOTION TO ESTABLISH JURISDICTION AND FOR LEAVE TO AMEND COMPLAINT AS PRO SE LITIGANT (DKT. 93)

**I.    Introduction**

On May 5, 2023, Todd Michael Schultz ("Schultz" or "Plaintiff") brought this action against Michael C. Thompson ("Thompson"), Gregory R. Holmes ("Holmes") and YouTube LLC ("YouTube"), who are referred to collectively as "Defendants." Dkt. 1 ("Complaint"). The Complaint does not state what causes of action are advanced. On July 17, 2023, Schultz filed a Fourth Amended Complaint. Dkt. 42 (the "4AC"). The 4AC is the presently operative pleading. Like the Complaint, it does not state what causes of action are advanced.

On July 31, 2023, YouTube moved to dismiss the 4AC. Dkt. 50 (the "YouTube Motion"). On the same day, Thompson and Holmes also moved to dismiss the 4AC. Dkt. 53 (the "Thompson-Holmes Motion," or together with the YouTube Motion, the "Motions"). On August 7, 2023, Schultz filed an opposition to the YouTube Motion. Dkt. 64 (the "YouTube Opposition"). On August 10, 2023, Schultz filed an opposition to the Thompson-Holmes Motion. Dkt. 66 (the "Thompson-Holmes Opposition"). On August 21, 2023, YouTube filed a reply in support of the YouTube Motion. Dkt. 85 (the "YouTube Reply"). On the same day, Thompson and Holmes filed a reply in support of their Motion. Dkt. 86 (the "Thompson-Holmes Reply"). On August 22, 2023, Plaintiff filed an unauthorized sur-reply as to the Motions. Dkt. 87 (the "Sur-Reply"). Although the Sur-Reply was filed without permission to do so, the arguments it presented do not alter the analysis of the Motions. Accordingly, accepting the Sur-Reply has not imposed any prejudice on the Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-03452 JAK (MRWx) | Date | October 4, 2023 |
|---|---|---|---|
| Title | Todd Michael Schultz v. Michael Christopher Thompson, et al. | | |

A hearing on the Motions was held on September 11, 2023, and they were then taken under submission. On September 25, 2023, in response to the issues raised in the briefing on the Motions and at the hearing on the Motions, Plaintiff sought leave to amend the 4AC and file a Fifth Amended Complaint. Dkt. 93 (the "Motion for Leave to Amend").

For the reasons stated in this Order, the Motions are **GRANTED**. The 4AC is **DISMISSED** for lack of subject-matter jurisdiction; provided, however, this Order is stayed for 30 days from its entry so that Plaintiff may refile the claims in an appropriate state court while they remain pending in this action. The Motion for Leave to Amend is **DENIED**.

**II.     Factual Background**

The 4AC is not a model of clarity. Nevertheless, in considering a motion to dismiss, all of the factual allegations in the 4AC are deemed true.

Schultz is a resident of Los Angeles County. 4AC ¶ 5. Thompson and Holmes both reside in Covington County in Kentucky. *Id.* ¶¶ 6-7. YouTube is a California corporation that operates the YouTube website and video streaming platform. *Id.* ¶ 8.

This matter arises out of the alleged actions on YouTube by Schultz, Thompson and Holmes. It is alleged that the relevant conduct began on February 28, 2021. 4AC ¶¶ 12, 14. However, it is also alleged that Thompson had used YouTube to "cyberstalk" and harass other individuals for at least a year and a half before the relevant, alleged conduct began. *Id.* It is alleged that Thompson created a YouTube channel called "Hollywood Laughingstock." *Id.* ¶ 9.[1] Plaintiff contends that Thompson's stated justification for creating this channel was to defend himself against Plaintiff's public claims that "Thompson is a bully and a danger to the public." *Id.* Plaintiff also alleges that someone, perhaps Thompson, stated that Thompson began the Hollywood Laughingstock channel to "make anyone who Google[s] [Plaintiff] revile him." *Id.* ¶ 17.[2] The materials that were allegedly posted on this channel are not described with any detail in the 4AC.

It is also alleged that Thompson commented that the words "imminent homelessness" were on Plaintiff's channel, and that Thompson posted "doctored images" of Plaintiff. *Id.* ¶ 13. The meaning of these words, the nature of these images and the substance of the allegations are not clear.

Plaintiff contends that he was briefly moved from his residence due to the Hollywood Laughingstock channel. *See* 4AC ¶ 18. It appears that Plaintiff alleges that he told the front desk staff at the building in which he was living to view one of Thompson's videos, which the building manager believed had been made by Plaintiff himself. *Id.* The video was entitled "Todd Schultz says people in his generation should find someone to frivolously sue," but Plaintiff contends this title was false because he only encouraged "good litigation." *Id.* ¶¶ 18-19. Plaintiff alleges that he informed the front desk staff at his building about Thompson's videos, but also contends that it is "very possible" that Thompson was able to identify the manager at the building where Plaintiff lived, and sent him copies of the videos. *Id.* ¶ 19.

---

[1] At certain places in the 4AC, the phrase "Hell Toupee" is also used to refer to the Hollywood Laughingstock channel.

[2] Elsewhere, a similar statement is described as "more or less a direct quote from Thompson . . . ." 4AC ¶ 27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-03452 JAK (MRWx) | Date | October 4, 2023 |
|---|---|---|---|
| Title | Todd Michael Schultz v. Michael Christopher Thompson, et al. | | |

For a period of one month following this alleged incident, Plaintiff lived in a motel. 4AC ¶ 25. The 4AC alleges that Thompson "likely" contacted this motel and provided links to videos from the Hollywood Laughingstock channel. *Id.* It is alleged that Thompson stated Plaintiff's homelessness was imminent sometime prior to the disruption of Plaintiff's living situation. *Id.* ¶ 26. It is further alleged that Thompson stated he wished to see Plaintiff become homeless and toothless. *Id.*

The 4AC alleges that Thompson harmed Plaintiff's bookselling business by stating that Plaintiff defrauded customers by failing to provide them with the books they had ordered. 4AC ¶ 42.

The 4AC includes other vague allegations. It alleges that Thompson implied that he contacted one of Plaintiff's physicians in an effort to interfere with Plaintiff's treatment with a medication. 4AC ¶ 20. The 4AC also refers to "close[] to or above 1000" instances of alleged copyright infringement, but none is specifically described. *Id.* ¶ 21. It is alleged that Thompson's videos have titles that are "salacious and misleading" and "libelous in many instances . . . ." *Id.* Another paragraph in the 4AC alleges that Thompson engaged in "repetitive defamation . . . ." *Id.* ¶ 22; *see id.* ¶ 27. Another paragraph alleges that Thompson made derogatory references to the sexual orientation and/or gender identity of certain individuals. *Id.* ¶ 23. It also advances the conclusory allegation that Thompson engaged in wrongdoing using a Twitter account, but no specific conduct is alleged. *Id.* ¶ 24. The 4AC also alleges that Thompson committed "a crime" by "intentionally inflict[ing] emotional or physical distress onto" Plaintiff and that Thompson "frequently violated Plaintiff's civil rights." *Id.* ¶ 39. In other allegations, the 4AC accuses Thompson of "domestic terrorism" and "crimes against Americans." *Id.* ¶ 34.

The 4AC also lists a series of allegedly defamatory statements made by Thompson, "toward Plaintiff or at Plaintiff's expense." 4AC ¶ 35. For example, it is alleged that Thompson did all of the following: stated Plaintiff threw a songbird out of an 11th story balcony; committed fraud in attempting to start a bookselling business; wears dentures and hair plugs; lied about being diagnosed with ADHD; lied about having childhood trauma; made a false statement related to the copyright for a cover of Marc Cohn's "Walking in Memphis" recorded by Plaintiff; made a false statement related to a provisional patent application filed by Plaintiff; controls his boyfriend's cell phone and e-mail to prevent fans of his boyfriend from contacting his boyfriend; and is delusional and a liar. *Id.*

It is alleged that Plaintiff told Thompson that the Hollywood Laughingstock channel violated Plaintiff's copyrights. 4AC ¶ 14. It is also alleged that Plaintiff told Thompson that he experienced feelings of hurt and harassment due to Thompson's conduct. *Id.*

It is alleged that Holmes provided some sort of financial support to Thompson. 4AC ¶ 28. The nature, timing, purpose, and context of these payments is not alleged. Holmes also allegedly made a statement that one of Plaintiff's lawsuits lacked merit and was brought for an improper purpose, i.e., to harm a journalist for refusing to review Plaintiff's music recordings. *Id.* Holmes is also accused of "having associated" with other persons who have committed torts against Plaintiff. *Id.* Elsewhere, the 4AC alleges that Holmes "publishes [T]witter comments deriding Plaintiff's ability to run [a] business with no other reason than to cause harm or otherwise interfere with Plaintiff's business." *Id.* ¶ 29.

The 4AC next alleges that Thompson and Holmes created additional YouTube accounts whose purpose was to harass Plaintiff through the Livechat feature. 4AC ¶ 30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-03452 JAK (MRWx) | Date | October 4, 2023 |
|---|---|---|---|
| Title | Todd Michael Schultz v. Michael Christopher Thompson, et al. | | |

The 4AC also alleges that YouTube committed fraud by claiming that it "strictly enforce[s]" its policies prohibiting cyberharassment while declining to remove the content posted by Thompson. 4AC ¶ 16. It then alleges that YouTube used "bots" or artificial intelligence to review Plaintiff's complaints about the "Hollywood Laughingstock" channel, and that this was improper. *Id.* ¶¶ 32-33. The 4AC then argues that YouTube is not entitled to § 230 immunity because of its "failure to warn" and "promissory estoppel." *Id.* ¶ 34. These conclusory allegations are not supported by any details about the claimed nature of YouTube's alleged failure to warn, nor does it allege why YouTube is subject to promissory estoppel. *Id.* YouTube is also alleged to have been negligent in enforcing its terms of service against the other Defendants. *Id.* ¶ 41.

### III. Analysis

#### A. Legal Standards

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading must allege facts that, if established, would be sufficient to show that a claim for relief is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

Fed. R. Civ. P. 12(b)(6) permits a party to move to dismiss a cause of action that fails to state a claim in accordance with the foregoing standards. It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Fed. R. Evid. 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 453-54 (9th Cir. 1994).

If a motion to dismiss is granted, the court should "freely give leave [to amend] when justice so

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-03452 JAK (MRWx) | Date | October 4, 2023 |
|---|---|---|---|
| Title | Todd Michael Schultz v. Michael Christopher Thompson, et al. | | |

requires." Fed. R. Civ. P. 15(a)(2). Although this policy is to be applied "with extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), allowing leave to amend is inappropriate in circumstances where litigants have failed to cure previously identified deficiencies, or where an amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

    B.    Application

        1.    <u>Subject-Matter Jurisdiction</u>

"Federal courts are courts of limited jurisdiction that 'possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022), *cert. denied sub nom. Negrete v. City of Oakland, California*, 143 S. Ct. 781 (2023) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

"When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). The 4AC alleges that Schultz and YouTube are both California citizens. *Compare* 4AC ¶ 5 *with id.* ¶ 8. Therefore, YouTube's status as a defendant prevents Schutlz from relying on diversity jurisdiction to stay in federal court, even with respect to Thompson and Holmes.

"Under 28 U.S.C. § 1331, federal courts 'have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Negrete*, 46 F.4th at 816 (quoting 28 U.S.C. § 1331). "To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: '[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.'" *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (quoting *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908)). A cause of action may arise under federal law even if the plaintiff "might fail to state a cause of action on which [the plaintiff] could actually recover." *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 89 (1998). However, a claim that is "wholly insubstantial and frivolous" does not arise under federal law, even if the plaintiff cites federal law in attempting to plead that claim. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

Because the 4AC does not expressly state any causes of action, it does not state a basis for federal subject-matter jurisdiction over this action. Plaintiff's primary cause of action appears to be one for defamation, which arises under California, not federal law. The Thompson-Holmes Opposition does not directly address this issue. Instead, it simply declares that the issue is "moot." Thompson-Holmes Opposition at 5. In the YouTube Opposition, Plaintiff argues that he has alleged claims under 18 U.S.C. §§ 4, 1001, and 2261A. The 4AC does not plead any cause of action arising out of these statutes, and none of them is cited in the 4AC. Even if they were, they are criminal statutes, and there is no showing that any provides for an associated, private civil action. Elsewhere, the Thompson-Holmes Opposition includes phrases like "intentional infliction of emotional distress," "assault," and "extortion." Thompson-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-03452 JAK (MRWx) | Date | October 4, 2023 |
|---|---|---|---|
| Title | Todd Michael Schultz v. Michael Christopher Thompson, et al. | | |

Holmes Opposition at 2-6. None of these causes of action is alleged in the 4AC. Even if they were, they arise under state law and would not support federal subject-matter jurisdiction.

Plaintiff argues that the 4AC has alleged a cause of action for "COPYRIGHT THEFT." Thompson-Holmes Opposition at 5. For purposes of considering the Motions, this is construed as a claim for copyright infringement. Copyright infringement can be a basis for federal jurisdiction. However, the claim that could be deemed advanced through the 4AC is both insubstantial and plainly without merit. There is no allegation that Plaintiff has registered any of the alleged copyrights. At the hearing on the Motions, the Plaintiff was asked to confirm that he did not have a registered copyright in any of the materials at issue. Although Plaintiff stated that he had one copyright registration, he also stated that none of the videos allegedly published by Thompson and/or Holmes was one for which Plaintiff had a copyright registration. A copyright owner must "apply for registration and receive the Copyright Office's decision on [its] application before instituting suit." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 891 (2019). Because there are no such copyrights that would form the basis for a claim of infringement as to the matters alleged in the 4AC, which Plaintiff has conceded, this cause of action is insubstantial and any further attempt to amend it would be futile.

For these reasons, the 4AC is **DISMISSED** for lack of subject-matter jurisdiction.

    2.    <u>§ 230 Immunity</u>

YouTube agrees that there is no subject-matter jurisdiction over this action. However, YouTube argues that there is jurisdiction to address its argument that it is immune from any asserted claims under § 230.

Under that statute, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). In addition, "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." *Id.* § 230(e)(3). Immunity under § 230(c)(1) applies whenever "the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.'" *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009), *as amended* (Sept. 28, 2009). "[P]ublication involves reviewing, editing, and *deciding whether to publish or to withdraw from publication third-party content*." *Id.* at 1102 (emphasis added).

There is no jurisdiction to resolve this issue in this action. "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). It is true that "a district court had jurisdiction to determine its jurisdiction." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Further, certain immunities may be jurisdictional in nature. *Cf. Nichols v. Brown*, 859 F. Supp. 2d 1118, 1131 (C.D. Cal. 2012) (recognizing "the Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power").

YouTube has cited no authority that the immunity provided by § 230 may be resolved if there is no subject-matter jurisdiction. The portions of § 230 on which YouTube relies do not include any language as to establishing a basis for federal jurisdiction. Instead, this language in § 230 potentially applies to limitations on the potential liability of YouTube, or states how it should be treated in an action in which it is named as a defendant. The Ninth Circuit has identified § 230 immunity as an "affirmative defense

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-03452 JAK (MRWx) | Date | October 4, 2023 |
|---|---|---|---|
| Title | Todd Michael Schultz v. Michael Christopher Thompson, et al. | | |

. . . ." *Barnes*, 570 F.3d at 1109. Like any other affirmative defense, § 230 immunity cannot be resolved in the absence of subject-matter jurisdiction. Accordingly, the request for a determination by YouTube is **DENIED** for lack of subject-matter jurisdiction. This is without prejudice to the renewal of the defense if YouTube is named in a complaint that Plaintiff files in a court with subject-matter jurisdiction, e.g., a California Superior Court.

      3.    <u>Leave to Amend</u>

Under Fed. R. Civ. P. 15(a)(2), federal courts are to "freely give leave [to amend] when justice so requires." "A district court, however, may in its discretion deny leave to amend 'due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"" *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir.2008) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)). "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Dreamstime.com, LLC v. Google LLC*, 54 F.4th 1130, 1143 (9th Cir. 2022) (quoting *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020)).

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

The 4AC does not contain any causes of action that arise under federal law. In the briefing on the Motions, Plaintiff did not request leave to amend. At the hearing, Plaintiff requested leave to amend, but in a colloquy stated that his copyright registration did not cover any of the videos that had been published by the Defendants and he could not identify any other federal causes of action that he could advance. Based on a review of the 4AC, and for the reasons stated in this Order, an effort to amend to state one would be futile. The claims alleged in the 4AC arise from state law, and there is no reasonable basis to conclude that they could be amended to state any basis for federal, subject-matter jurisdiction. That any attempt to amend would be futile is confirmed by the fact that Plaintiff has now filed five versions of a complaint in which he has attempted, but failed to state claims against the Defendants that are viable, with at least one of them providing a basis for federal jurisdiction.

In support of the Motion for Leave to Amend, which like the 4AC is not a model of clarity, Plaintiff mentions his copyright registration twice. *First*, Plaintiff stated that his alleged, registered work and the videos created by the Defendant were part of the same "series." Motion for Leave to Amend at 4. *Second*, Plaintiff argued that the videos produced by Thompson were "[a] new interpretation, iteration and/or volume of [Plaintiff's] previously published content." *Id.* at 6.[3] These arguments do not warrant

---

[3] Attached to the Motion for Leave to Amend was a YouTube report log suggesting that Plaintiff objected to certain of Defendants' videos, and that YouTube agreed to remove them from its site. Dkt. 93-1 at 2. The Motion for Leave to Amend does not explain the significance of this log. Nor does it alter the analysis as to whether a potential copyright claim would be viable or substantial based on the allegations in the five versions of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-03452 JAK (MRWx) | Date | October 4, 2023 |
|---|---|---|---|
| Title | Todd Michael Schultz v. Michael Christopher Thompson, et al. | | |

leave to amend.

"In order to succeed in a copyright infringement claim, 'a plaintiff must show that he or she owns the copyright and that defendant copied protected elements of the work.'" *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 636 (9th Cir. 2008) (quoting *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002)). The protected elements of a work are those that were "independently created by the author (as opposed to copies from other works), and that . . . possess[] at least some minimal degree of creativity." *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). Although a person who holds a copyright has the exclusive right to prepare, or license the preparation of, derivative works, "a work is not derivative unless it has been substantially copied from the prior work." *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984). Accordingly, a work does not infringe merely because it is somehow connected in a "series" to a registered work, or somehow represents an "interpretation" of that work. Nothing in the Motion for Leave to Amend supports a determination that Defendants allegedly copied protected elements of Plaintiff's work. This confirms that it would be futile to grant Plaintiff leave to amend to seek to state a viable claim for which there would be federal jurisdiction. As noted, these conclusions are supported by Plaintiff's statement at the hearing that none of the videos allegedly published by Thompson and/or Holmes was one for which Plaintiff had a copyright registration.

Plaintiff also argues that, if granted leave to amend, he would allege that his videos were live broadcasts. Accordingly, Plaintiff contends that he may initiate a copyright infringement action prior to registering the videos pursuant to 17 U.S.C. § 411(c). Section 411(c) does not support this position. Pre-registration actions for live broadcasts may only occur if the plaintiff "serves notice upon the infringer, not less than 48 hours before such fixation, identifying the work and the specific time and source of its first transmission, and declaring an intention to secure copyright in the work . . . ." 17 U.S.C. § 411(c); *see also* 37 C.F.R. § 201.22 (describing the requirements for such a notice). The plaintiff must also "make[] registration for the work . . . within three months after its first transmission." 17 U.S.C. § 411(c). Nothing in the Motion for Leave to Amend supports an inference that Plaintiff either provided Defendants with a compliant notice, or timely registered the copyrights, of the videos at issue.

Because the issues raised in the Motion for Leave to Amend would not alter the determination that no viable copyright-infringement claim can be stated, it is not necessary to address whether Plaintiff should be granted leave to amend with respect to other issues.

**IV.   Conclusion**

For the reasons stated in this Order, the Motions are **GRANTED**. The 4AC is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction; provided, however, this Order is stayed for 30 days from its entry so that, if he elects to do so, Plaintiff may refile his claims in an appropriate state court forum while they remain pending in this action. The Motion for Leave to Amend is **DENIED**.

**IT IS SO ORDERED.**

---

complaint, as well as the statements Plaintiff made during the hearing on the Motions that was held on September 11, 2023.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-03452 JAK (MRWx) | Date | October 4, 2023 |
| Title | Todd Michael Schultz v. Michael Christopher Thompson, et al. | | |

                                                                                 _____ : _____

Initials of Preparer     tj